```
 1  David N. Chandler, Sr.   SBN 60780
    David N. Chandler, Jr.   SBN 235427
 2  DAVID N. CHANDLER, p.c.
    1747 Fourth Street
 3  Santa Rosa, CA  95404
    Telephone: (707) 528-4331
 4
    Attorneys for Nelson & Sons
 5

 6                  UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF CALIFORNIA
 7

 8   IN RE:                          CASE No. 15-10150-AJ
 9   DEERFIELD RANCH WINERY, LLC,    CHAPTER 11
10        DEBTOR.               /    MOTION FOR ADEQUATE PROTECTION;
                                     DECLARATION OF GREG NELSON;
11                                   MEMORANDUM OF POINTS AND
                                     AUTHORITIES
12                                   Date:  February 27, 2015
                                     Time:  9:00 a.m.
13                                   Place: 99 S. E Street,
                                            Santa Rosa, CA
14
15       TO: HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY JUDGE:
16       Nelson and Sons, Inc., hereby moves the above entitled Court by
17  and through David N. Chandler, p.c., for an Order for Adequate
18  Protection of the liens pursuant to Food and Agriculture Code
19  Section 55631 of Nelson and Sons, Inc.
20       The Motion is made on the grounds that the said liens are
21  senior in priority to all other liens and encumbrances in the
22  agricultural product produced and sold to the Debtor provided that
23  Debtor maintains possession of the agricultural product collateral
24  and does not subject the collateral to warehouseman's liens,
25  blending or other disposition.  The moving party requests an
26  adequate protection order which provides (1) that the possession of
27  or title to the collateral not be transferred without a specific
28  order of the Court protecting such lien in such product and/or the
```

                                    1

cash proceeds of such product, (2) that prevents sale or hypothecation of such collateral absent specific order of the Court protecting such lien in the product and/or proceeds, (3) that requires the Debtor to account for such agricultural product as to moving party, periodically provide an updated account, and permit inspection, (4) which requires the Debtor to keep the collateral free from all senior liens, including, but not limited to warehouse liens, and (5) prohibiting use of said collateral and/or proceeds absent further Order of the Court on noticed motion.

Said Motion is made and based on the within Motion, the Declaration of Greg Nelson, and the Memorandum of Points and Authorities appended hereto.

Dated: 2/20/15          DAVID N. CHANDLER, p.c.


                        By: */s/ David N. Chandler*
                        DAVID N. CHANDLER,
                        Attorney for NELSON & SONS, Inc.

DECLARATION OF Greg Nelson

I, Greg Nelson, declare and say:

1.  That if called as a witness, I am competent to testify to the within matters from my own knowledge.

2.  That I am an officer of Nelson & Sons, Inc., a creditor in the within case secured by an agricultural products lien on specific agricultural product inventory of the Debtor.

3.  There are other creditors in the within case which provided agricultural product to the Debtor, the product of which remains in the possession of the Debtor. Such creditors are secured by agricultural product inventory of the Debtor herein. Nelson &

Sons, Inc. holds such a lien in agricultural product in the possession of the Debtor which was produced and sold to the Debtor herein.

4. Nelson & Sons, Inc. holds liens provided by statute which are dependent upon the Debtor's possession of the agricultural product collateral.

5. Such liens extend to the agricultural product sold to the Debtor by the moving party and described in the contract, Exhibit A hereto, and delivered to the Debtor pursuant to weigh tags, Exhibit B. Said liens secure the balance due moving party in the amount of $16,888.16 plus interest and shown in the invoices, Exhibit C.

6. As such product is produced, it will ultimately be sold, either in bulk or as cased goods, or blended. The liens must be adequately protected.

7. Absent accountability for the agricultural product, its location and disposition, the liens are not protected.

8. The 2014 Pinot Grigio and Reisling product produced by the moving party is currently in possession of the Debtor and ready for bottling, is concurrently being bottled, or has been bottled. The Debtor's Motion for Authority to Use Cash Collateral and supporting Declarations so indicate.

9. The moving party requests that there be an accounting of such product, periodic accountings and inspections and a specific Order prohibiting transfer of possession or title absent an Order directing the liens be transferred to segregated proceeds.

Executed under penalty of perjury this 20th day of February, 2015 at Ukiah, California.

                                                                         */s/ Greg Nelson*
                                                                        Greg Nelson

MEMORANDUM OF POINTS AND AUTHORITIES

1. On request, the Court shall prohibit or condition the use, sale or lease of property as is necessary to provide adequate protection to an entity secured by such property. 11 U.S.C. Section 363(e).

2. Adequate protection may be in the form of a cash payment, additional or replacement liens, or other relief which will result in the indubitable equivalent the secured creditor's interest in the property. 11 U.S.C. Section 361.

3. An agricultural producer's lien (Food and Agriculture Code §55631) is only effective if the debtor to the transaction, the processor, possesses the burdened property. <u>In re Sargent Walnut Ranches</u>, Inc., 219 B.R. 880 (Bktcy. E.D.Cal. 1998); <u>In re Churchill Nut Co.</u>, 251 B.R. 143 (Bktcy. N.D.Cal. 2000).

4. A secured creditor is not adequately protected for its security interest if there is a threat of decline in the value of the property collateralizing such creditor's claim. See, <u>In re Delaney-Morin</u>, 304 B.R. 365 (9th Cir.BAP 2003). A creditor who requires (creditor's) possession in order to achieve or maintain perfection has the right to adequate protection. <u>In re Boggan</u>, 251 B.R. 95 (9th Cir.BAP 2000).

5. The lien in the collateral is dependent upon possession by the Debtor. The lien does not transfer to the proceeds and will be lost should the Debtor dispose of the collateral. See, "<u>Sims v. Korbrand Corp.</u>", A.P. No. 93-1118, United States Bankruptcy Court, Northern District of California, Memorandum of Decision dated February 14, 1993, an unpublished decision of this Court, which is not binding precedent, but which addresses the same issue in a post

transfer context.

6. The prospect of use or sale of the agricultural product to which the producer's liens attach and the dependency of possession by the Debtor for the continued perfection of such liens entitles such lien creditor to request adequate protection as provided in Section 361.

7. It is respectfully submitted that the agricultural liens of the moving party be provided adequate protection as requested herein and that the lien of Nelson & Sons, Inc. be afforded such protection.

Dated: 2/20/15

Respectfully submitted,
DAVID N. CHANDLER, p.c.

By: /s/ David N. Chandler
DAVID N. CHANDLER,
Attorney for Nelson & Sons, Inc.

# GRAPE PURCHASE AGREEMENT

THIS AGREEMENT is made and executed as of August 28, 2014 by and between **Deerfield Ranch Winery** ("Winery") and **Nelson Family Vineyards** ("Grower").

1. Purchase and Sale. Winery hereby agrees to purchase and accept, and Grower agrees to sell wine grapes of the variety and in the quantity set forth below, subject to the terms and conditions of this Agreement:

2. Varieties:  Pinot Gris/Grigio:   10 ± tons
   Riesling:        4 ± tons

3. Vineyard:   Nelson Family Vineyards, 550 Nelson Ranch Road, Ukiah, CA 95482

4. Term.    The term of this Agreement shall be for the harvest of 2014.

5. The use of Nelson Family Vineyards on any label shall be reviewed and approved, in writing, by Greg Nelson

6. Purchase Price and Payment. Winery shall pay Grower for the grapes delivered hereunder the aggregate amount (the "Purchase Price"), which is the product of the number of tons delivered multiplied by the Price Per Ton, as defined below. Winery shall pay twenty percent (20%) of the Purchase Price by the end of December. Winery shall pay forty percent (40%) of the Purchase Price by March 31, 2014. Winery shall pay forty percent (40 %) of the Purchase Price by June 30, 2013. Winery will pay 10% annual interest on any payments overdue.

7. Winery shall provide to Grower one case of wine produced from or blended with fruit contained in this contract. Wine shall be provided to Grower by winery at the time of release of such wine.

8. Price Per Ton.    Pinot Grigio:   $1,600 per ton.
   Riesling:       $1,700 per ton.
   Winery and Grower to negotiate in good faith the future price per ton if this contract is extended.

9. Viticulture Practices. Grower recognizes that Winery is the producer of premium wines whose long-term success is based on Winery's ability to secure a supply of grapes that closely corresponds to Winery's quality standards. Accordingly, Grower and Winery shall cooperate in a mutual effort to obtain the highest quality grapes. During the growing season, Grower and Winery shall consult on a regular basis on viticulture practices, including, cultivation, pruning, thinning, irrigation, and pest management, to be implemented by Grower. Grower shall allow Winery's representative reasonable access to the Vineyards during the growing season for the purpose of evaluating grape quality. Grower agrees not to make any major cultural practice changes, including, but not limited to, changes in trellis configuration, vine training methods, row and vine spacing, vine grafting or T-budding, pruning methods, that might affect quality of grapes subject to this Agreement.

10. Picking and Deliver:

    10.1. Picking: Winery shall begin field sampling the Vineyards approximately three weeks prior to the anticipated harvest date. These field samples shall be taken in such a manner so as to reflect accurately the degree of maturity of the grapes. Winery shall analyze the field samples at its expense and shall notify Grower in a timely fashion as to the results of such analysis. When the grapes have reached the desired level of maturity, Winery shall notify Grower when to begin the harvest. Grower shall attempt to begin harvesting the Vineyards with 48 hours of said notification. At harvest, there will be a designated person to remove leaves, second crop, and extremely dried out clusters from the bins. Winery will supply picking bins.

    10.2. Delivery. Grower shall pick the grapes at its own expense. Grower will be responsible for the transport and delivery of the grapes. A certified weigh master will weigh the grapes at the winery unless other arrangements are specified beforehand. Winery will provide Grower with a copy of each weigh tag within forty-eight hours of each delivery.

EXHIBIT "A"

10.3. Risk of Loss and Title. Grower shall assume all risk of loss and damage of any kind to the grapes until the grapes are delivered to or picked up, inspected by, and accepted by Winery. Title to and risk of loss for each container of grapes shall pass to Winery at the crusher or vineyard upon inspection and acceptance by Winery of each such container. Winery shall inspect, and accept or reject each container of grapes as described in the section below.

11. Inspection and Acceptance. All grapes delivered by Grower shall be sound, merchantable and suitable for the making of quality wine, and shall satisfy the following specific standards:

    11.1. Sugar Content. Winery may, at its discretion, reject any container of grapes whose sugar levels do not reach 21.5 degrees Brix or exceed 29 degrees Brix.

    11.2. Defects. As used herein, "Defects" shall refer to grapes, which are defective in accordance with standards established by the custom of the grape industry and the practice of the Grape Inspection Service of the California Department of Food and Agriculture. Defects shall include, but not be limited to, grape berries affected by mold or rot or in the process of fermenting. Defects shall be determined for each container on the basis of weight. Winery may, at its discretion, reject any container, which has defects exceeding one percent (2%) by weight.

    11.3. Material Other Than Grapes. Material other than grapes ("MOG") shall be determined for each container on the basis of weight. Winery may, at its discretion, reject any container, which has MOG exceeding one percent (2%) by weight.

    11.4. No Mixed Containers. All grapes shall be delivered in containers containing only one grape variety, unless otherwise expressly agreed by Grower and Winery.

    11.5. Second Crop. The grapes delivered hereunder shall be first crop. Winery may, at its discretion, reject any container, which has second crop grapes exceeding one percent (2%) by weight.

    11.6. Pesticides. Winery shall not be obliged to accept any grapes hereunder which have been treated with any pesticide, herbicide, fungicide (including, but not limited to, sulfur and sulfur-based compounds), insecticide or miticide, the application of which does not conform to all local, state and federal laws and regulations. Grower shall maintain complete and accurate written records with respect to all chemical applications. At the request of Winery, Grower shall prepare and deliver a written report each year showing all chemical treatments, soil amendments and other materials applied to the Vineyards during the one-year period preceding the harvest.

12. Warranties. Grower hereby warrants to Winery that, at the time of each delivery of grapes to Winery:

    12.1. Adulteration. None of the grapes shall be adulterated, mislabeled or misbranded within the meaning of the federal Food, Drug and Cosmetic Act, as amended, the California Pure Food Act, as amended, and the regulations issued pursuant thereto.

    12.2. Clear Title. The grapes shall be free of all liens, claims and encumbrances.

    12.3. Quality. The grapes shall comply with the quality standards set forth herein.

    12.4. Survival. The warranties contained herein shall survive delivery of the grapes hereunder, payment therefore, and termination or expiration of this Agreement.

13. General Provisions.

    13.1. Entire Agreement. This Agreement contains the entire agreement between the parties, and supersedes all prior negotiations, drafts, and other understandings, which the parties may have had concerning the subject matter hereof.

2

13.2. Successors. This Agreement may not be assigned to any third party by either party without the prior written consent of the non-assigning party.

13.3. Severability. Whenever possible, each provision of this Agreement shall be interpreted so as to be effective and valid under applicable law. If any provision of this Agreement is held to be prohibited by, or invalid under, applicable law, the remainder of this Agreement and any other application of such provision shall not be affected thereby.

13.4. Email or Fax Transmission. The facsimile or email transmission of a signed copy of this Agreement or any amendment thereto to the other party or his agent, followed by faxed or email acknowledgment of receipt, shall constitute delivery of such document.

13.5. Expense of Enforcement. If any action, proceeding or litigation is commenced to enforce any provision of this Agreement, then the prevailing party shall be entitled to be reimbursed by the unsuccessful party for all costs incurred in connection with such action, proceeding or litigation, including a reasonable allowance for attorneys' fees and costs, which amount shall be added to and become part of the final decision in such matter.

13.6. Interest. Any sum owing to any party under the provisions of this Agreement which is not paid when due shall bear interest at the rate often per cent (10%) per annum from the date written notice specifying such nonpayment is served on the defaulting party until the date such sum is paid.

13.7. Governing Law. This Agreement shall be governed by, and construed in accordance with, the law of the State of California, without giving effect to principles of conflict of laws.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth above.

| GROWER: Nelson Family Vineyards | WINERY: Deerfield Ranch Winery |
|---|---|
| | *(signed)* Robert W. Rex |
| _____ | _____ |
| Greg Nelson, Vineyard Owners | Robert Rex, Managing Member |

Address for Notice and Payment:
Nelson Family Vineyards
550 Nelson Ranch Road
Ukiah, CA 95482

Address for Notice:
Deerfield Ranch Winery
1310 Warm Springs Road
Glen Ellen, CA 95442

Address for grape delivery:
Deerfield Ranch Winery
10200 Sonoma Highway
Kenwood, CA 95452

3

Hand Harvest

# WEIGHMASTER CERTIFICATE

THIS IS TO CERTIFY that the following described commodity was weighed, measured, or counted by a weighmaster, whose signature is on this certificate, who is a recognized authority of accuracy, as prescribed by Chapter 7 (commencing with Section 12700) of Division 5 of the California Business and Professions Code, administered by the Division of Measurement Standards of the California Department of Food and Agriculture.

# 2951

Deerfield Ranch Winery, LLC.
1310 Warm Springs Road
Glen Ellen CA 95442
707-833-5215

| Field | Value |
|---|---|
| WEIGHED FOR (ACCOUNT OF): | Deerfield Ranch W |
| DELIVERED TO (CONSIGNEE): | DRW |
| CARRIER: | |
| DRIVER: | Antonio |
| CONTRACT #: | |
| DELIVERY TAG #: | |
| TRUCK LICENSE: | 9743079 |
| TRAILER LICENSE: | |
| TANK #: | |
| HAND ☐ MACHINE ☐ PICKED | GRAPES ☐ WINE ☐ JUICE ☐ EMPTY BINS ☐ |
| VARIETY/COMMODITY: Merlot | APPELLATION: Mendocino | DISTRICT: | VINEYARD NAME: Watson | BLOCK: |
| VINEYARD OWNER: | BRIX: | TA: | pH: |

DEERFIELD RANCH WINERY, LLC.
BY: (signature)
REMARKS: 8.7 °Brix

Weighmaster
DATE: 8/28/14
DEPUTY:

| CONTAINER TYPE | Macro |
| CONTAINER COUNT | 16 |
| GROSS | 14,955 lbs |
| TARE | 1527 lbs |
| NET | 12,916 lbs |

WHITE - WINERY  YELLOW - DRIVER  PINK - GROWER

---

# WEIGHMASTER CERTIFICATE

THIS IS TO CERTIFY that the following described commodity was weighed, measured, or counted by a weighmaster, whose signature is on this certificate, who is a recognized authority of accuracy, as prescribed by Chapter 7 (commencing with Section 12700) of Division 5 of the California Business and Professions Code, administered by the Division of Measurement Standards of the California Department of Food and Agriculture.

# 2955

Deerfield Ranch Winery, LLC.
1310 Warm Springs Road
Glen Ellen CA 95442
707-833-5215

| Field | Value |
|---|---|
| WEIGHED FOR (ACCOUNT OF): | DRW |
| DELIVERED TO (CONSIGNEE): | DRW |
| CARRIER: | |
| DRIVER: | Antonio |
| CONTRACT #: | |
| DELIVERY TAG #: | |
| TRUCK LICENSE: | 6150913 |
| TRAILER LICENSE: | |
| TANK #: | |
| HAND ☐ MACHINE ☐ PICKED | GRAPES ☐ WINE ☐ JUICE ☐ EMPTY BINS ☐ |
| VARIETY/COMMODITY: Pinot | APPELLATION: Mendocino | DISTRICT: | VINEYARD NAME: Watson | BLOCK: |
| VINEYARD OWNER: | BRIX: | TA: | pH: |

DEERFIELD RANCH WINERY, LLC.
BY: (signature)
REMARKS: 4.22 °Brix

Weighmaster
DATE: 9/15/14
DEPUTY:

| CONTAINER TYPE | Macro |
| CONTAINER COUNT | 10 |
| GROSS | 9469 lbs |
| TARE | 960 lbs |
| NET | 8509 lbs |

WHITE - WINERY  YELLOW - DRIVER  PINK - GROWER

EXHIBIT "B"

# Invoice

**Nelson and Sons Inc.**

550 Nelson Ranch Rd
Ukiah, CA 95482

| Date | Invoice # |
|---|---|
| 12/16/2014 | 162 |

| Bill To |
|---|
| Deerfield Ranch Winery, LLC<br>1310 Warm Springs Rd.<br>Glen Ellen, CA 95442 |

| Ship To |
|---|
| |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|---|---|---|---|---|---|---|
| | Due on receipt | | 8/28/2014 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 8.708 | Pinot Grigio | 2014 Pinot Grigio Grapes<br><br>20% Due Dec 31st<br>40% Due March 31st<br>40% Due June 30th | 1,600.00 | 13,932.80 |

**Total** $13,932.80

*Payments Applied $2,786.56*
*Balance Due $11,146.24*

EXHIBIT "C"

Nelson and Sons Inc.

550 Nelson Ranch Rd
Ukiah, CA 95482

# Invoice

| Date | Invoice # |
|---|---|
| 12/16/2014 | 163 |

**Bill To**
Deerfield Ranch Winery, LLC
1310 Warm Springs Rd.
Glen Ellen, CA 95442

**Ship To**

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|---|---|---|---|---|---|---|
| | Due on receipt | | 9/15/2014 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 4.222 | Riesling | 2014 Riesling Grapes | 1,700.00 | 7,177.40 |
| | | 20% Due Dec 31st | | |
| | | 40% Due Mar 31st | | |
| | | 40% Due June 30th | | |

| | Total | $7,177.40 |
|---|---|---|

Payments Applied $1,435.48
Balance Due $5,741.92