| | |
|---|---|
| MCNUTT LAW GROUP LLP<br>SCOTT H. MCNUTT (CSBN 104696)<br>SHANE J. MOSES (CSBN 250533)<br>THOMAS B. RUPP (CSBN 278041)<br>219 9th Street<br>San Francisco, California 94103<br>Telephone: (415) 995-8475<br>Facsimile: (415) 995-8487<br><br>Proposed Attorneys for DEBTOR | |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>DEERFIELD RANCH WINERY, LLC,<br><br>Debtor. | Case No. 15-10150-AJ<br><br>Chapter 11<br><br>**SUPPLEMENTAL DECLARATION OF WILLIAM R. BRINKMAN IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF JIGSAW ADVISORS, LLC AS FINANCIAL ADVISOR TO THE DEBTOR**<br><br>Judge: Hon. Alan Jaroslovsky<br><br>[No Hearing Required] |

I, William R. Brinkman, declare as follows:

1. I am an individual and a principal of Jigsaw Advisors, LLC ("Jigsaw Advisors"). I am over 18 years old. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. This declaration is submitted in support of the APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF JIGSAW ADVISORS, LLC AS FINANCIAL ADVISOR TO THE DEBTOR, filed by the Debtor on March 10, 2015 [Docket No. 46] (the "Application"). This declaration is filed to supplement my prior declaration, filed on March 10, 2015 [Docket No. 47] (the "Original Declaration"), in order to address certain questions raised by the Office of the United States Trustee in response to the Application.

2. All capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Application.

3. It is my understanding that the retainer provided to Jigsaw Advisors by the Debtor's principals, PJ and Robert Rex, is a capital contribution to the Debtor. A portion of the retainer was in the form of wine from the Rexes personal collection, as previously disclosed. For the avoidance of doubt, Jigsaw does not expect to receive any further payments in wine.

4. My Original Declaration states that "Jigsaw Advisors reviewed conflicts regarding the Debtor, the Debtor's insiders, the Debtor's list of 20 largest unsecured creditors, and the Debtor's principal secured creditors." The US Trustee has raised the reasonable concern that this statement leaves it unclear whether Jigsaw Advisors reviewed connections with other creditors. To clarify, Jigsaw Advisors has reviewed all known creditors, and does not have any connections to any creditors except those disclosed in the Original Declaration and the Application.

5. Likewise, Jigsaw Advisors has no connections to the Debtor or the Debtor's principals other than its representation of the Debtor.

6. A copy of the engagement agreement between Jigsaw Advisors and the Debtor (the "Engagement Letter") is attached as Exhibit A to my Original Declaration. The US Trustee has raised a few separate concerns regarding the Engagement Letter. These are addressed below. In general, it is not Jigsaw Advisors' intent that the Engagement Letter should supersede applicable bankruptcy law in any way. The Application does not seek approval of the Engagement Letter pursuant to Section 328. Therefore, to the extent that there is any inconsistency between the Engagement Letter and generally applicable bankruptcy law governing employment and compensation of professionals, the generally applicable bankruptcy law should govern.

7. The US Trustee has raised the concern that on page 2 of the Engagement Letter, there is an unfinished sentence reading "Prior to additional Jigsaw professionals" at the end of the paragraph described my hourly rate. This was inadvertently left in from a prior document, and should be disregarded as having no meaning.

8. The US Trustee has also raised a concern that the description of reimbursable expenses, in Section 2 on page 3 of the Engagement Letter, includes "legal fees." This listing of

000497544
Case: 15-10150    Doc# 64    Filed: 03/26/15    Entered: 03/26/15 09:51:48    Page 2 of 3

included reimbursable fees is standard language used in all of Jigsaw Advisors' engagement letters, and would not be applicable here. Further, in order to alleviate any concern, Jigsaw Advisors hereby agrees that this provision does not create a right to reimbursement by the bankruptcy estate of legal fees of any form.

9. Finally, the US Trustee has raised concerns regarding the indemnification and arbitration provisions of the Engagement Letter. These are also standard provisions in all Jigsaw Advisors engagement letters, and Jigsaw Advisors agrees that it is appropriate for some terms to be modified or deleted for the purpose of this bankruptcy representation.

10. With regard to the indemnification provision in Section 3 of the Engagement Letter, the US Trustee has raised the concern that this provision is too broad and is inconsistent with applicable precedent. In order to avoid any disputes or issues regarding whether indemnification is appropriate, Jigsaw Advisors hereby agrees that the indemnification provision shall not be applicable in this bankruptcy proceeding, and should be regarded as stricken from the agreement for the purposes of this bankruptcy case.

11. In bankruptcy, employment of professionals and any related issues are solely within the jurisdiction of the Bankruptcy Court. The arbitration provision in Section 4 of the Engagement Letter is not intended to supersede bankruptcy law once the Debtor filed its petition, and should be regarded as stricken from the agreement for the purposes of this bankruptcy case. Jigsaw Advisors agrees that any disputes regarding Jigsaw Advisors' representation or compensation that arise during the bankruptcy case or relate to Jigsaw Advisors' work on the bankruptcy case are subject to determination by the Bankruptcy Court, and are not subject to arbitration, notwithstanding anything to the contrary in the Engagement Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed March 25, 2015, at Lafayette California.

/s/ *William R. Brinkman*
William R. Brinkman