JEFFER MANGELS BUTLER & MITCHELL LLP
RICHARD A. ROGAN (Bar No. 67310), rrogan@jmbm.com
NICOLAS DE LANCIE (Bar No. 84934), nde@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3813
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Attorneys for Secured Creditor RABOBANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>DEERFIELD RANCH WINERY, LLC<br><br>Debtor. | CASE NO. 15-10150-AJ<br><br>Chapter 11<br><br>**CONTINUED STIPULATION FOR INTERIM USE OF CASH COLLATERAL**<br><br>Date: March 27, 2015<br>Time: 10:00 a.m.<br>Place: U.S.B.C.<br>99 South "E" Street<br>Santa Rosa, CA 95404<br>Judge: Hon. Alan Jaroslovsky |

This Continued Stipulation for Interim Use of Cash Collateral is made by and between Debtor Deerfield Ranch Winery, LLC ("Debtor") and Secured Creditor Rabobank, N.A. ("Rabobank") and is effective upon the entry of an Order of this Court approving it.

**INTRODUCTORY STATEMENT**

The following is a summary of the material terms of the Stipulation, as required under the Guidelines for Cash Collateral and Financing Motions and Stipulations adopted by this Court effective January 1, 2006:

A. <u>Name of Each Entity With an Interest in the Cash Collateral</u>: Rabobank contends that Debtor is obligated to it under a Term Loan, with an original principal balance of $8,000,000.00 and a current principal balance of $7,659,000.00 and interest to February 13, 2015 in

CONTINUED STIPULATION FOR INTERIM USE OF CASH COLLATERAL

the sum of $162,743.07, and a Line of Credit, with an original and current principal balance of $3,000,000.00, late charges of $1,912.50 and interest to February 13. 2015 in the sum of $102,000.00. Rabobank further contends that Debtor is obligated to it under the Term Loan and the Line of Credit for such other costs and fees as are set forth in the loan agreements and in other agreements between Rabobank and Debtor, including a swap termination fee of $246,364.00. Rabobank further contends that it holds a first priority security interest in Debtor's real property and a senior lien in Debtor's personal property, except that Rabobank's lien is subject to a statutory lien in favor of each producer of grapes, including but not limited to, Nelson Family Vineyards, that are in the possession of Debtor and that has a monetary claim against the Debtor under the California Producer's Lien Law, Cal. Food & Ag. Code §55631 et seq.

B. <u>Purposes for the Use of the Cash Collateral</u>: The purpose of this Continued Stipulation is to authorize the use of cash collateral by the Debtor for operations for an additional period of time through April 30, 2015, as described in the Cash Budget, with modifications described hereinbelow. Debtor may also use cash collateral to pay applicable fees for this case, including United States Trustee fees, estimated to be $4,875.00 during this period. This additional period of time will permit the Debtor to more precisely report and project its cash flow and to continue to stabilize its operations.

C. <u>Terms, Including Duration, of the Use of the Cash Collateral</u>. This Interim Stipulation is intended to allow Debtor to continue its operations through April 30, 2015.

D. <u>Liens, Cash Payments or Other Adequate Protection</u>. The only payments to Rabobank during this time period shall be payment of interest from the petition date, February 13, 2015, through and including April 30, 2015 at the contract rates, which is estimated to be approximately $41,840.50 on March 31, 2015, and $27,680.00 on April 30, 2015. Rabobank will also receive a replacement lien in the Cash Collateral and in all personal property in which it now holds a security interest, including accounts receivable, inventory, farm products, general intangibles, books and records, and equipment.

**AGREEMENT**

The following are the terms and conditions of this Stipulation.

1. <u>Changes and Extensions of Current Interim Stipulation</u>. The terms of this Interim Stipulation are unchanged from the previous Interim Stipulation, except for the extended Term through April 30, 2014, the additional adequate protection payment of approximately $27,680.00, representing one month's interest at the contract rate, the express recognition of producers' liens, express authorization to pay United States Trustee fees estimated to be $4,875.00, and acceptance of variations from the Cash Budget that have been reported to date by the Debtor.

2. <u>Terms, Including Duration, of the Use of the Cash Collateral</u>. This Interim Stipulation is intended to allow Debtor to continue its operations through April 30, 2015. Debtor will limit its use of the Cash Collateral to the uses set forth in the Cash Budget, attached as Exhibit A to the Interim Stipulation filed herein as Docket No. 17-1, as modified by Debtor's obligations to make adequate protection payments except that Debtor may have a total negative variance of cumulative net cash excess/ (shortage) not to exceed the greater of 10% and $10,000.00. The cumulative variance measurement will begin at the end of week two of the Cash Budget as timing issues can, and often do, impact actual results. Debtor will update the Cash Budget weekly each Wednesday and will include actual weekly results compared to forecasted results as of the prior Sunday in a form that mirrors the Cash Budget, an updated rolling inventory listing, rolling accounts receivable and accounts receivable aging and accounts payable aging, and contemporaneously, Debtor will promptly deliver such financial information to Rabobank. Rabobank hereby acknowledges receipt of such reports and financial information from Debtor through Week 6 of the Cash Budget, and accepts all variations reported. Upon reasonable request, Debtor will allow Rabobank to have reasonable access to Debtor's financial advisor, and Debtor and its financial advisor will provide Rabobank with current financial information and reports, such as accounts receivable agings, accounts payable agings and detailed inventory reports. Debtor shall deliver to Rabobank its fiscal year-end 2014 financial statement (including a balance sheet and profit and loss statement) promptly upon its completion.

There will be no new advances by Rabobank. All Cash Collateral shall be deposited in a debtor-in-possession account opened by the Debtor ("DIP Account"). This Stipulation will terminate in the event (i) this Case No. 15-10150 (the "Case") is converted for any reason to a case

under Chapter 7 of the Bankruptcy Code; (ii) a Trustee is appointed in this Case or the Debtor for any reason shall cease to be a debtor-in-possession; or (iii) the Case is dismissed for any reason.

3. <u>Liens, Cash Payments or Other Adequate Protection</u>. The initial Interim Stipulation authorizes only a payment to Rabobank during this time period is payment of interest from the petition date, February 13, 2015, through and including March 31. 2015 at the contract rates. The contract rate for the line of credit is 1.0 percent above the Prime Rate per annum, which is currently 4.25 percent per annum, and the per diem accrual is $354.1666667. The contract rate for the term loan is 2.50 percent above LIBOR, which is currently 2.6719 percent per annum, and the per diem accrual is $568.446725. The estimated amount of the adequate protection payment, which is to be made on March 31, 2015, is $41,840.50. This Continued Stipulation authorizes an additional payment to Rabobank computed at the same rate through April 30, 2015, in the estimated amount of $27,680.00. By accepting any or all payments authorized hereunder (including payments of interest calculated at the non-default rate) or by entering into this Stipulation, Rabobank does not waive any or all rights it had, has or may have under the applicable loan documents to default interest, reasonable attorneys' fees, costs and expenses and the Debtor does not waive any rights it had, has or may have to contest these amounts.

Rabobank will also receive a replacement lien in the Cash Collateral and in all personal property in which it now holds a security interest, including accounts receivable, inventory, farm products, general intangibles, books and records, and equipment, which replacement lien shall be of the same validity, extent, and priority as Rabobank's pre-petition liens. It is estimated by Debtor as shown in the Cash Budget that there will be approximately $620,200 of cash collections primarily from the sale of inventory during the term of the Interim Stipulation, and an additional $173,810 of cash collections primarily from the sale of inventory during the additional period of time from March 31, 2015 through April 30, 2015 but that nearly all of those will be cash sales and that very little in the way of accounts receivable will be created over the term, on a net basis. Debtor does not expect to acquire additional inventory or equipment during the term, but to the extent Debtor bottles bulk wine, the value of existing inventory will increase until it is sold. The replacement liens are subordinated to the compensation and expense reimbursement (excluding professional

PRINTED ON
RECYCLED PAPER
SF 1979035v2

fees) of any Trustee appointed in this Case only.

4. <u>Further Assurances.</u>  Debtor shall execute such security agreements, deeds of trust, financing statements and other documents and instruments as may reasonably be requested for the purpose of memorializing the post-petition replacement lien and security interest, but the entry of the Court's Order hereon shall constitute a validly perfected security interest and lien upon the post-petition Collateral without further act by Rabobank.  If Rabobank chooses, in its sole discretion, to file such financing statements or other documents or otherwise confirm perfection of such security interest and lien, all such financing statements or similar documents shall be deemed to have been filed or recorded at the time and on the date of the commencement of the Case.

5. <u>No Waiver of Avoidance Actions.</u>  Debtor does not waive any right to bring an avoidance action under 11 U.S.C. §§ 544 *et seq.*

6. <u>Right to Waive.</u>  Rabobank shall have the right to waive any of the rights, remedies or powers granted in this Stipulation and the Order hereon, and shall have no obligation or duty to any other party or parties which respect to the exercise of those rights, remedies or powers.  Delay in or failure to exercise any of the rights, remedies or powers shall not subject Rabobank to any liability to any other party, nor shall any other party rely upon such delay or failure or in any way seek to assert the same as a defense to any obligations owing to Rabobank.

7. <u>Priority.</u>  The rights granted herein are for the purpose of inducing Rabobank to consent to the use of its Cash Collateral and to afford Rabobank adequate protection.  In the event that the protection provided by the liens and security interests herein granted turns out, in retrospect, to have been inadequate, Rabobank shall be entitled to the priority afforded by section 507(b) of the Bankruptcy Code to the extent of any deficiency.  The replacement liens granted to Rabobank shall have and enjoy the same relative priority to post-petition liens of other secured creditors, if any there be, as the liens of Rabobank had and enjoyed with respect to liens of other secured creditors as of the commencement of this Case.

8. <u>Binding on Trustee.</u>  The terms and conditions of this Stipulation shall be binding upon any Trustee appointed herein or in any case to which this Case may be converted.

///

PRINTED ON RECYCLED PAPER
SF 1979035v2

CONTINUED STIPULATION FOR INTERIM USE OF CASH COLLATERAL

5

1  9. <u>Court Approval</u>.  This stipulation is subject to approval of the Bankruptcy Court
2  pursuant to FRBP 4001(d) and entry of an order, in form and substance satisfactory to Rabobank.
3  **IT IS SO STIPULATED.**

4  DATED:  March 26, 2015   JEFFER MANGELS BUTLER & MITCHELL LLP
                            RICHARD A. ROGAN

6                           By: /s/  Richard A. Rogan
7                                   RICHARD A. ROGAN
                            Attorneys for Secured Creditor RABOBANK, N.A.

9  DATED:  March 26, 2015   McNUTT LAW GROUP LLP
                            SCOTT H. McNUTT
10                          SHANE J. MOSES

12                          By: /s/  Shane J. Moses
                                    SHANE J. MOSES
13                          Attorneys for Debtor DEERFIELD RANCH
                            WINERY, LLC

CONTINUED STIPULATION FOR INTERIM USE OF CASH COLLATERAL