MCNUTT LAW GROUP LLP
SCOTT H. MCNUTT (CSBN 104696)
SHANE J. MOSES (CSBN 250533)
THOMAS B. RUPP (CSBN 278041)
219 9th Street
San Francisco, California 94103
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Attorneys for DEBTOR

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>DEERFIELD RANCH WINERY, LLC,<br><br>Debtor. | Case No. 15-10150-AJ<br><br>Chapter 11<br><br>**STATUS CONFERENCE STATEMENT FOR APRIL 17, 2015**<br><br>Date: April 17, 2015<br>Time: 9:00 a.m.<br>Judge: Hon. Alan Jaroslovsky<br>Place: United States Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA 95404 |

## I. INTRODUCTION

Deerfield Ranch Winery, LLC, the debtor and debtor-in-possession in the above captioned Chapter 11 reorganization case ("Deerfield" or the "Debtor"), hereby files its initial status conference statement, for the status conference to be held on April 17, 2015.

## II. OVERVIEW OF THE CASE

**A.  Background of Deerfield**

Deerfield Ranch Winery is an award-winning Sonoma Valley winery, founded by Robert and PJ Rex. The Deerfield estate is approximately 47 acres, located in Kenwood, California, and was acquired in 2000. After Deerfield purchased the property, it constructed a 23,000 square foot wine cave, as well as a state of the art production facility. In total, Deerfield and its 87 equity

holders invested $15.9 million in the real property and improvements.

Deerfield is a highly respected, profitable business with a very high likelihood of a successful reorganization. After opening to the public in 2008, the winery business has grown steadily. Deerfield was profitable each of the last three years, with substantial EBITDA of between $750,000 and $1.2 million, and a positive net profit even after debt service. Deerfield has continued to pay its vendors in the ordinary course of business. As a result, Deerfield's unsecured debt consists of only the routine short-term accounts that are to be expected for a winery.

Deerfield owes approximately $10.9 million to Rabobank, N.A. ("Rabobank") on two loans taken out in late 2008. This Chapter 11 filing was necessitated by Deerfield's inability to make certain large principal repayments to Rabobank related to these loans, and in particular by the imposition of a receiver for the benefit of Rabobank in December 2014. During the entire five years the loans were outstanding, prior to Rabobank filing a judicial foreclosure action in February 2014, Deerfield consistently and without fail made its regular monthly payments. Deerfield also paid substantial amounts in special assets fees and principal payments. In sum, over the five years and two months between the funding of the loans and Rabobank filing a foreclosure action, Deerfield paid Rabobank more than $4.1 million on these $11 million loans.

The value of the business far exceeds the total debt, meaning that unsecured creditors are in a position to receive payment in full, and that there should be substantial recovery to be preserved for equity.

A fuller presentation of Deerfield's background, the circumstances which led to the instant Chapter 11 filing, and Deerfield's expectations regarding its reorganization is set forth in the DECLARATION OF ROBERT REX IN SUPPORT OF FIRST DAY MOTIONS [Docket No. 7], filed on February 13, 2015 (the "Omnibus Declaration").

**B.      Intended Reorganization**

Deerfield believes that reorganization through a Chapter 11 plan is most likely to protect the rights of all of Deerfield's creditors *and* its 87 equity holders. Any attempt to liquidate or sell the business in the immediate term would result in depressed offers that do not reflect actual value.

Deerfield's expectation is that its plan will propose to extend the Rabobank loans for a

00050384
Case: 15-10150    Doc# 74    Filed: 04/10/15    Entered: 04/10/15 16:42:51    Page 2 of 5

number of years, perhaps seven, with interest-only payments at a reasonable rate, and the principal due in a balloon payment at the end. The intent would be to raise new capital through either debt or new equity or most likely some combination, in order to refinance Rabobank out prior to the expiration of the term. Because the value of the assets subject to Rabobank's liens substantially exceeds the amount of the lien, and there is no reason to believe that the assets are declining or will decline in value, Rabobank is fully protected in this scenario. Prior to filing a plan, Deerfield will reach out to Rabobank in order to seek agreement regarding an appropriate treatment.

Deerfield's other secured debts are primarily approximately $210,000 in agricultural producer liens to grape growers for the 2014 harvest, and a little more than $700,000 in real property tax debt to the County of Sonoma. Deerfield expects that the grape growers can be paid over a short time period out of ordinary-course inventory sales. But for the bankruptcy filing, the growers would have been paid in full by July 2015. Deerfield expects to pay the real property tax debt in fully amortized payments over a period of up to five years.

Deerfield expects that its plan will propose to pay the modest amount of general unsecured debt in full, with interest, over a period of not more than five years. Priority unsecured debt is minimal, and would likely be paid on the effective date.

Deerfield is still evaluating treatment of equity under the plan, but in any case, it is expected that existing equity will be kept in place in some form. Given that all creditors will be paid in full, this does not require a new value analysis.

### III. REQUIRED INFORMATION

The following are responses providing the information requested in the Court's status conference order. The paragraphs are numbered to match the numbered requests in the order.

**1.     The Small Business and SARE Provisions of the Code are Not Applicable**

The small business and single asset real estate provisions of the Bankruptcy Code do not apply, pursuant to the definitions in Sections 101 of the Bankruptcy Code, based on the total debts of the business, and because revenue is primarily from business operations at the winery.

**2.     Deerfield's Reason for Filing**

Deerfield filed the case in order to address and restructure the Rabobank debt. In

particular, Deerfield filed the case in order to prevent a sale of the business by the receiver, for the benefit of Rabobank at the expense of Deerfield's unsecured creditors and equity holders. Deerfield believed that a sale by the receiver would inevitably result in a fire-sale price, which would potentially return very little, if anything, to unsecured creditors, and would likely deprive of any real value the 87 investors who have put millions of dollars into the winery.

### 3. Intended Use of Chapter 11

Deerfield intends to promptly file a Chapter 11 plan of reorganization , as explained above, in order to restructure the Rabobank debt.

### 4. Cash Collateral

Deerfield's cash is subject to the cash collateral interest of Rabobank, and Deerfield is currently operating under a stipulation, approved by the Court, which allows continued use through April 30, 2015. Deerfield is optimistic that a further agreement with Rabobank can be reached before the end of this period. Otherwise, Deerfield will seek authorization to use cash collateral from the Court, under its motion for use of cash collateral, which remains pending.

One of Deerfield's growers, Nelson & Sons, Inc., was previously granted a senior replacement lien in cash from sale of wine produced from its product. Deerfield has requested adequate protection for other growers that would provide a similar replacement lien. The current expectation is that any cash collateral of the growers under this replacement lien would be reserved to repay the growers, and not otherwise used by Deerfield.

### 5. Compensation of Debtor's Counsel

Compensation of Debtor's counsel is fully set forth in the application to employ Debtor's counsel, the supporting declarations, and the Court's order authorizing employment [Docket Nos. 44, 45, 65, and 71]. Briefly, Debtor's counsel is to be compensated hourly, plus allowable expenses, subject to approval of this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. The pre-petition retainer of $40,000 was fully exhausted and drawn down pre-petition, and therefore there is no retainer in this Chapter 11 representation.

### 6. Individual Debtor

Not applicable.

### 7. Approval of Employment of Debtor's Counsel

Employment of McNutt Law Group, LLP as Debtor's counsel has been approved by this Court, by order entered on March 31, 2015 [ Docket No. 71]. The Court has also approved employment of Jigsaw Advisors, LLC as financial advisor to the Debtor [Docket No. 69].

### 8. Malpractice Insurance of Professionals

The only professionals employed in this case to date are McNutt Law Group and Jigsaw Advisors. As a law firm, McNutt Law Group carries malpractice insurance. Jigsaw Advisors does not carry general malpractice coverage. To the extent the Court deems it necessary in this case, Jigsaw will acquire coverage for this particular case.

### 9. Absolute Priority Rule

Individual debtor issues are not applicable in this case. While Deerfield expects to file a plan that keeps equity in place, the expectation is also to avoid any concerns regarding the absolutely priority rule by paying all creditors in full, with interest.

### 10. Compliance with Rules and Guidelines

Deerfield has made every effort to fully comply with all rules and guidelines applicable to Chapter 11 debtors, and believes that it is in compliance. It has established a debtor-in-possession account, is current on post-petition taxes and US Trustee fees, and maintains adequate insurance.

### 11. Suggested Plan Confirmation Deadline

Deerfield believes that a reasonable confirmation deadline would be approximately six months following the status conference, and therefore proposes October 30, 2015. Deerfield hopes to have its plan of reorganization on file within three to four weeks, and intends to move quickly through the confirmation process.

DATED: April 10, 2015           MCNUTT LAW GROUP LLP

By:     /s/ *Shane J. Moses*
        Shane J. Moses
        Attorneys for DEBTOR