JEFFER MANGELS BUTLER & MITCHELL LLP
RICHARD A. ROGAN (Bar No. 67310), rar@jmbm.com
NICOLAS DE LANCIE (Bar No. 84934), nde@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California  94111-3813
Telephone:     (415) 398-8080
Facsimile:     (415) 398-5584

Attorneys for Secured Creditor RABOBANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re | Case No. 15-10150-AJ |
| DEERFIELD RANCH WINERY, LLC | Chapter 11 |
| Debtor. | **THIRD STIPULATION FOR CONTINUED INTERIM USE OF CASH COLLATERAL** |
| | Date:     May 8, 2015<br>Time:     9:00 a.m.<br>Place:    U.S.B.C.<br>              99 South "E" Street<br>              Santa Rosa, CA  95404<br>Judge:   Hon. Alan Jaroslovsky |

This Third Stipulation for Continued Interim Use of Cash Collateral (this "Third Interim Stipulation") is made by and between debtor Deerfield Ranch Winery, LLC ("Debtor"), debtor and debtor in possession in the above-captioned Chapter 11 case (the "Case"); secured creditor Rabobank, N.A. ("Rabobank"); and the Official Committee of Unsecured Creditors of Deerfield Ranch Winery, LLC ("Committee"), in the Case.

**INTRODUCTORY STATEMENT**

The following is a summary of the material terms of this Third Interim Stipulation, as required under the Guidelines for Cash Collateral and Financing Motions and Stipulations adopted by this Court effective January 1, 2006:

A.  **Name of Each Entity with an Interest in Cash Collateral**: Rabobank contends that Debtor is obligated to it under (i) a term loan (the "Term Loan") with an original principal balance of $8,000,000.00, a current principal balance of $7,659,000.00, and accrued but unpaid interest to May 7, 2015, in the sum of $167,130.62; and (ii) a line of credit (the "Line of Credit") with an original and current principal balance of $3,000,000.00, late charges of $1,912.50, and accrued but unpaid interest to May 7, 2015, in the sum of $102,000.00. Rabobank further contends that Debtor is obligated to it under the Term Loan and the Line of Credit for such other costs and fees as are set forth in the loan agreements and in other agreements between Rabobank and Debtor, including a swap termination fee of $246,364.00. Rabobank further contends that it holds a first priority security interest in Debtor's real property and a senior lien in Debtor's personal property, except that each producer of grapes that are in the possession of Debtor and that has a monetary claim against Debtor is secured under the California Producer's Lien Law, Cal. Food & Ag. Code §55631, *et seq.*, in priority senior to that of Rabobank.

B.  **Purposes for the Use of Cash Collateral**: Debtor intends to continue operations at its winery, as described in the Current Budget (defined below).

C.  **Terms, Including Duration, of the Use of Cash Collateral**. This Third Interim Stipulation is intended to allow Debtor to continue its operations through July 31, 2015.

D.  **Liens, Cash Payments, or Other Adequate Protection**. Debtor will make three monthly adequate protection payments to Rabobank during the time period covered by the Current Budget (defined below) from May 4, 2015, through and including July 31, 2015 (that period, the "Current Term"), each in the sum of $28,672.00, for a total of $86,016. Rabobank will also receive, as adequate protection for the use by Debtor of Cash Collateral[*] a replacement lien in new Cash Collateral and in all personal property of Debtor's estate of the same types as those in which

---

[*] When used herein, the term "Cash Collateral" means "cash collateral" (as that term is defined in Bankruptcy Code section 363(a)) in which the Debtor's estate and Rabobank have an interest. For the avoidance of doubt, Cash Collateral includes (i) cash collateral that is proceeds of property of Debtor or Debtor's estate in which Rabobank had a security interest as of the commencement of the Case; and (ii) cash collateral that is proceeds of property of Debtor's estate in which Rabobank had a replacement lien pursuant to this Third Interim Stipulation, any prior cash collateral stipulation in the Case between Debtor and Rabobank, or any order on any of those stipulations.

1  Rabobank held a security interest as of the commencement of the Case, including accounts
2  receivable, inventory, farm products, general intangibles, books and records, and equipment (all
3  personal property of Debtor's estate in which Rabobank has a security interest or lien, whether
4  existing as of the commencement of the Case or granted thereafter, such as for adequate protection,
5  collectively, the "Collateral").

## AGREEMENT

The following are the terms and conditions of this Third Interim Stipulation:

1. <u>Terms, Including Duration, of the Use of Cash Collateral</u>.  This Third Interim Stipulation is intended to allow Debtor to continue its operations through July 31, 2015.  Debtor shall limit its use of Cash Collateral to the uses set forth in the "13 Week Cash Flow Forecast: Cash Collateral, Prepared for the Weeks Beginning May 4 – Aug 2" that is attached hereto as Exhibit A (the "Current Budget"), except that Debtor may have a total negative variance at the end of any week of the Current Budget in the line item "Cumul Net Cash Excess/(Shortage)" not to exceed the greater of 10% and $10,000.00, as more particularly described in footnote 15 of the Current Budget.  The cumulative variance measurement will begin at the end of Week 13 of the Current Budget as timing issues can, and often do, impact actual results.  Debtor shall permit Rabobank and its inspector, upon reasonable request, at least one week in advance, to visit and inspect Debtor's premises, including Debtor's office and all locations where Debtor's property is stored, from time to time to inspect and verify the Collateral.  At least three business days in advance of any such inspection, Debtor shall provide to Rabobank Debtor's financial statement (including a balance sheet and profit and loss statement) as of April 30, 2015, and corresponding inventory listing, accounts receivable aging, accounts payable aging, and such other documents and information as Rabobank may reasonably request.  On the day of the inspection, Debtor shall provide to Rabobank an updated inventory listing including a listing of inventory quanties and values by location. Rabobank may not make more than one such inspection (understanding that a single such inspection may take place over several days) during the Current Term, which shall be conducted on mutually agreeable dates and times during May, 2015.  Debtor shall update the Current Budget weekly each Wednesday and shall include actual weekly results compared to forecasted results as of the prior

Sunday in a form that mirrors the Current Budget, an updated rolling inventory listing, rolling accounts receivable and accounts receivable aging, and accounts payable aging, and contemporaneously therewith, Debtor shall promptly deliver such financial information to Rabobank by 5:00 p.m. prevailing Pacific time each Wednesday. Upon reasonable request by Rabobank, Debtor shall allow Rabobank to have reasonable access to Debtor's financial advisor, and Debtor and its financial advisor shall provide Rabobank with current financial information and reports, such as accounts receivable agings, accounts payable agings, detailed inventory reports, sales by item summary reports, and bottling reports, sufficient to track inventory as it is bottled and sold and cash proceeds attributable to such specific sales. Debtor shall provide to Rabobank Debtor's financial statement (including a balance sheet and profit and loss statement) as of May 31, 2015, by June 30, 2015, and as of June 30, 2015, by July 31, 2015. Debtor shall deliver to Rabobank its fiscal year-end 2014 financial statement (including a balance sheet and profit and loss statement) promptly upon completion thereof.

There will be no new advances by Rabobank. Debtor shall deposit all Cash Collateral in a debtor-in-possession account opened by Debtor. This Third Interim Stipulation will terminate in the event (i) this Case is converted for any reason to a case under Chapter 7 of the Bankruptcy Code; (ii) a trustee is appointed in this Case or Debtor for any reason ceases to be a debtor-in-possession; or (iii) the Case is dismissed for any reason.

2. <u>Liens, Cash Payments or Other Adequate Protection</u>. Debtor shall make three equal monthly adequate protection payments to Rabobank during the Current Term, each in the sum of $28,672, on May 31, 2015, June 30, 2015, and July 31, 2015, for a total of $86,016. These payments shall be applied to accrued interest from May 1, 2015, through and including July 31, 2015, at the then current contract rates under the Term Loan and the Line of Credit. The contract rate for the Line of Credit is currently 4.25 percent per annum, calculated at 1.00 percent above the applicable Prime Rate, and the current *per diem* accrual is $354.1666667. The contract rate for the Term Loan is currently 2.68025 percent per annum, calculated at 2.50 percent above the applicable LIBOR, and the current *per diem* accrual is $570.2231875. By accepting any or all payments authorized hereunder (including payments of interest calculated at the applicable non-default rates)

or by entering into this Third Interim Stipulation, Rabobank does not waive any or all rights it had, has, or may have under the applicable loan documents to default interest, reasonable attorneys' fees, costs, and expenses, and Debtor does not waive any rights it had, has, or may have to contest these amounts.

As adequate protection for the use by Debtor of Cash Collateral, Rabobank is granted a replacement lien in all new Cash Collateral and in all personal property of Debtor's estate of the same types as those in which Rabobank held a security interest as of the commencement of the Case, including accounts receivable, inventory, farm products, general intangibles, books and records, and equipment, which replacement lien shall be of the same validity, extent, and priority as Rabobank's pre-petition security interests (that replacement lien, the "Replacement Lien"). It is estimated by Debtor, as shown in the Current Budget, that there will be approximately $578,098 of cash collections, primarily from the sale of inventory, during the Current Term, but that nearly all of those will be cash sales and that very little in the way of accounts receivable will be created over the Current Term, on a net basis. Debtor does not expect to acquire additional inventory or equipment during the Current Term, but to the extent Debtor bottles bulk wine, the value of existing inventory Collateral will increase until it is sold, resulting in Cash Collateral and a reduction in the value of inventory Collateral. The Replacement Lien is subordinate only to the compensation and expense reimbursements (excluding professional fees) of any trustee appointed in the Case.

3. <u>Further Assurances.</u> Debtor shall execute such security agreements, deeds of trust, financing statements, and other documents and instruments as may reasonably be requested by Rabobank for the purpose of memorializing the Replacement Lien, but the entry of the Court's order hereon (the "Third Interim Order") shall constitute a validly perfected lien upon the post-petition Collateral without further act by Rabobank. If Rabobank chooses, in its sole discretion, to file such financing statements or other documents, or otherwise to confirm perfection of such lien, all such financing statements or similar documents are deemed to have been filed or recorded at the time and on the date of the commencement of the Case.

4. <u>No Waiver of Avoidance Actions.</u> Debtor does not waive any right to bring an avoidance action under Bankruptcy Code sections 544, *et seq.*

PRINTED ON RECYCLED PAPER
SF 1997086v3
Jeffer Mangels Butler & Mitchell LLP
JMBM

5. <u>Right to Waive</u>.  Rabobank shall have the right to waive any of the rights, remedies, or powers granted in this Third Interim Stipulation and the Third Interim Order, and shall have no obligation or duty to any other party with respect to the exercise of those rights, remedies, or powers.  Delay in or failure to exercise any of those rights, remedies, or powers shall not subject Rabobank to any liability to any other party, nor shall any other party rely upon such delay or failure or in any way seek to assert the same as a defense to any obligation owing to Rabobank.

6. <u>Priority</u>.  The rights granted herein are for the purpose of inducing Rabobank to consent to the use of Cash Collateral and to afford Rabobank adequate protection for that use.  In the event that the protection provided by the Replacement Lien turns out, in retrospect, to have been inadequate, Rabobank shall be entitled to the priority afforded by Bankruptcy Code section 507(b) to the extent of any deficiency.  The Replacement Lien shall have and enjoy the same relative priority to post-petition liens of other secured creditors, if any there be, as the security interests of Rabobank had and enjoyed with respect to liens of other secured creditors as of the commencement of the Case.

7. <u>Binding on Trustee</u>.  The terms and conditions of this Third Interim Stipulation shall be binding upon any trustee appointed in the Case or in any case to which the Case may be converted.

8. <u>Court Approval</u>.  This Third Interim Stipulation is subject to approval of the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 4001(d) and entry of the Third Interim Order in form and substance satisfactory to Rabobank.

9. <u>Rules of Construction</u>.  The rules of construction of Bankruptcy Code section 102 apply to this Third Interim Stipulation.

[Continued on Following Page]

**IT IS SO STIPULATED.**

Dated: May 8, 2015

JEFFER MANGELS BUTLER & MITCHELL LLP
RICHARD A. ROGAN

By: _/s/ Richard A. Rogan_
RICHARD A. ROGAN
Attorneys for Secured Creditor RABOBANK, N.A.

Dated: May 8, 2015

McNUTT LAW GROUP LLP
SCOTT H. McNUTT
SHANE J. MOSES

By: _/s/ Shane J. Moses_
SHANE J. MOSES
Attorneys for Debtor and Debtor in Possession
DEERFIELD RANCH WINERY, LLC

Dated: May 8, 2015

PACHULSKI STANG ZIEHL & JONES LLP
JOHN D. FIERO

By: _/s/ John D. Fiero_
JOHN D. FIERO
Attorneys for Official Committee of Unsecured
Creditors of Deerfield Ranch Winery, LLC