McNUTT LAW GROUP LLP
SCOTT H. McNUTT (CSBN 104696)
SHANE J. MOSES (CSBN 250533)
THOMAS B. RUPP (CSBN 278041)
219 9th Street
San Francisco, California 94103
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Attorneys for DEBTOR

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re | Case No. 15-10150-AJ |
| DEERFIELD RANCH WINERY, LLC, | Chapter 11 |
| Debtor. | **MOTION FOR ORDER APPROVING NON-MATERIAL MODIFICATION OF PLAN OF REORGANIZATION, AND FOR CONFIRMATION OF AMENDED PLAN** |
| | Date: TBD<br>Time: TBD<br>Judge: Hon. Alan Jaroslovsky<br>Place: United States Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA 95404 |

## I.  INTRODUCTION

Deerfield Ranch Winery, LLC (the "Debtor" or "Deerfield") hereby submits this motion (the "Motion") for an order approving a non-material modification to certain terms of its PLAN OF REORGANIZATION DATED NOVEMBER 10, 2015 (the "Plan"), filed on November 10, 2015 [Docket No. 166]. The proposed modification of the Plan is has been agreed to by the Debtor, the Creditors Committee, and the Debtor's principal secured lender, Rabobank, N.A. ("Rabobank").

The modification is intended to address certain concerns regarding the remedy provided to Rabobank in the event of a default by the Debtor under either the Plan or the restructured loan

documents that are being entered into in connection with the Plan (the "Restructured Loan Documents"). As originally drafted, the Plan provides Rabobank the right to seek appointment of a liquidating trustee on the event of a material default. This remedy was based on the mediated settlement between the Debtor, the Creditors Committee, and Rabobank regarding terms of the Plan.

The appointment of a liquidating trustee under the Plan would have occurred only on a default, a situation that hopefully will never materialize. The parties have determined that there are significant practical difficulties with implementing a liquidating trust in a situation where the liquidating trust would be created only in the event of a contingent future event. Unfortunately, this did not become apparent until the parties were working to finalize the loan documents. In order to address this, the parties have agreed to certain modifications, such that the default remedy would be appointment of a plan administrator (a "Plan Administrator"), rather than a liquidating trustee.

The Debtor believes that this modification could not be considered material to the Debtor's creditors or equity holders for two reasons. First, it modifies only Rabobank's default remedy. Second, only the mechanism of the default remedy is changed; the substance of the remedy and its effect on creditors and equity holders remains the same.

This Motion is based on the memorandum of points and authorities set forth below; the Debtor's AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 22, 2016 (the "Amended Plan"), which is filed concurrently herewith and reflects the proposed modification; the SUPPLEMENTAL PLAN DOCUMENTS (the "Supplemental Plan Documents") filed by Rabobank concurrently herewith; the record in this case; and any other arguments or evidence presented in support of the Motion.

By this Motion, the Debtor seeks approval of the modifications reflected in the Amended Plan and the Supplemental Plan Documents, and confirmation for the Amended Plan based on the Court's findings made on the record at the confirmation hearing held on December 18, 2015 (the "Confirmation Hearing").

Case: 15-10150   Doc# 209   Filed: 02/22/16   Entered: 02/22/16 12:42:52   Page 2 of 8

## II. JURISDICTION

On February 13, 2015 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. No trustee has been appointed and the Debtor operates its business as debtor-in-possession in accordance with 11 U.S.C. § 1101 *et seq.* Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. §§ 157 and 1334. The statutory basis for the relief sought is 11 U.S.C. § 1127.

## III. BACKGROUND

### A. The Plan

On February 13, 2015 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California. Deerfield is an award-winning winery located in the Sonoma Valley. Deerfield's background is more fully set forth in prior filings with this Court, including its DEBTOR'S DISCLOSURE STATEMENT TO ACCOMPANY PLAN OF REORGANIZATION DATED NOVEMBER 10, 2015 [Docket No. 167] (the "Disclosure Statement").

Following a successful mediation with the Creditors Committee and Rabobank regarding plan terms for treatment of Rabobank's secured claim, the Debtor filed its proposed plan of reorganization and disclosure statement, which were subsequently modified at the request of the US Trustee and Rabobank in connection with the disclosure statement hearing. On November 10, 2015, the Debtor filed both the Plan and the Disclosure Statement, which was approved by order of the Bankruptcy Court dated November 12, 2015.

The Plan received unanimous approval from all classes of creditors and equity holders who were entitled to vote. There were no objections. At the Confirmation Hearing on December 18, 2015, the Court found that the Plan could be confirmed, conditioned on first finalizing the Restructured Loan Documents and then obtaining the approval of a confirmation order by Rabobank and the Creditors Committee. At the time, the parties hoped that this could be completed within a couple of weeks. Unfortunately, it took longer than all parties anticipated to

negotiate the resolution of certain terms of the Restructured Loan Documents, although this was ultimately accomplished.

**B.      The Liquidating Trustee Provisions**

At the successful mediation conducted by Judge Carlson, part of the agreed treatment of Rabobank was a default remedy. The general terms were that in the event of a material default by the reorganized Debtor on its obligations to Rabobank, Rabobank would be authorized to obtain appointment of a liquidating trustee. The liquidating trustee would be tasked with selling the winery business for the benefit of Rabobank, other creditors, and equity holders.

This agreement is reflected in the Plan as filed on November 10, 2015. Section 3.2.2.4 of the Plan provided Rabobank the right to file a motion with the Court seeking appointment of a liquidating trustee on the occurrence of certain material defaults under the Plan or Restructured Loan Documents.

At the time of the Confirmation Hearing, the liquidating trust agreement to be filed as a supplemental plan document was still under negotiation between Rabobank and the Debtor, as were certain terms of the Restructured Loan Documents.

In the course of working to reach agreement on terms of the liquidating trust agreement, Rabobank informed the Debtor that Rabobank had determined that there were serious concerns with the implementation of a liquidating trust under the circumstances. Rabobank requested that the Debtor consent to modify the Plan to provide for a different mechanism for an orderly sale by a neutral third party as a remedy for default. After discussion the parties agreed that addressing Rabobank's concerns while maintaining a liquidating trust as the remedy would pose significant difficulties, and likely lead to further delay in obtaining confirmation of the Plan.

**C.      The Proposed Modification**

In order to address the concerns of Rabobank and expeditiously move the Plan toward confirmation, the parties agreed to a modification, whereby the default remedy would be appointment of a Plan Administrator, instead of a liquidating trustee. This modification is reflected in the Amended Plan, as well as the PLAN ADMINISTRATOR PROVISIONS OF AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 19, 2016 (the "Plan Administrator Provisions") that

MOTION TO MODIFY PLAN

are attached as Exhibit 1 to the Supplemental Plan Documents and incorporated by reference into the Plan. A redline comparison showing the modifications to the Amended Plan, as compared to the November 10, 2015 Plan, is attached hereto as **Exhibit A**.

The primary changes to the Amended Plan are as follows:

- Section 3.2.2.4 of the Amended Plan, has been revised to provide for appointment of a Plan Administrator in the event of default, instead of appointment of a liquidating trustee. The conditions for appointment, and the duties following appointment remain substantively the same.

- Where the Plan originally contemplated a liquidating trust agreement, which would define the powers and responsibilities of the liquidating trustee, the Amended Plan now provides for the Plan Administrator Provisions, which govern the powers and responsibilities of the Plan Administrator if one is appointed.

- Certain changes have been made to the definitions, in order to remove the definitions associated with a liquidating trustee, and add definitions for the Plan Administrator.

- The Plan provided for certain things to happen no later than January 31, 2016. This related to payment of certain secured claims,[1] and the filing by the Debtor of a list of allowed unsecured claims. These dates were necessarily changed to 30 days from the Effective Date of the Amended Plan.[2]


## IV. **RELIEF REQUESTED**

The Debtor respectfully requests entry of an order approving the modifications set forth in the Amended Plan and Supplemental Plan Documents, pursuant to 11 U.S.C. § 1127. The Debtor further requests entry of an order confirming the Amended Plan.

---

[1] This primarily effects the claims of grape growers. The principal amount of those claims were already paid, pursuant to the Court's prior order authorizing pre-confirmation payment.

[2] In addition, there is a correction of a typo in Section 6.8.2.1, as shown in the attached redline.

# V.  **BASIS FOR RELIEF**

The Bankruptcy Code provides for modification of a Chapter 11 plan either before or after confirmation.  In particular, Section 1127(a) of the Bankruptcy Code provides:

> The proponent of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan.

11 U.S.C § 1127(a).

Section 1127(b), which governs modification after confirmation provides:

> The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

11 U.S.C § 1127(b).

In this case, the Court has approved confirmation, but held that a confirmation order would not be entered until the Restructured Loan Documents were finalized and Rabobank and the Committee approved a form of confirmation order.  Because the issues giving rise to the modification were identified during the process of finalizing the supplemental documents, the confirmation order was not entered.  Consequently, the Debtor believes that Section 1127(a) applies to this modification.

To the extent that the Court determines that Section 1127(b) applies, because the Court has already found that the Plan conforms to the requirements of Section 1129, approval of the Amended Plan as modified is still appropriate.  The Amended Plan does not reflect any changes that would affect confirmability under Section 1129.  The basis for confirmation is set forth in the Debtor's filings in advance of the December 18, 2015, Confirmation Hearing, and need not be repeated here.

The modifications reflected in the Amended Plan will have no material impact on any creditor or equity holder in this case.  The treatment of the classes of creditors and equity holders

Case: 15-10150    Doc# 209    Filed: 02/22/16    Entered: 02/22/16 12:42:52    Page 6 of 8

is not changed in the Amended Plan.[3]  Under the Plan, a liquidating trustee would be appointed only at the request of Rabobank, as a remedy on default.  Under the Amended Plan, a Plan Administrator would instead be appointed, under the same circumstances, and with substantially the same responsibilities and powers.  That this change is non-material is underscored by the reality that in most cases the remedy on a default under restructured secured debt would be governed by the loan documents, and not be a part of the plan at all.

Further, even in the unfortunate and unlikely event of a default by the reorganized Debtor, there would be no material effect on creditors or equity holders.  Under the terms of the Plan, in the event of a successful motion by Rabobank following a material default by the Debtor, the liquidating trustee was to take control of the business and conduct an orderly and expeditious sale process, seeking to maximize value for the benefit of not only Rabobank, but also unsecured creditors and equity holders.  Under the Amended Plan, the Plan Administrator would be appointed under the same conditions, and conduct the same sale process.  That the assets would remain in the bankruptcy estate under the management of the Plan Administrator, rather than being transferred to a liquidating trust, resolves a number of practical difficulties, but should not materially affect the creditors or equity holders.

Section 1127 requires that a modified plan meet the requirements of Sections 1122 and 1123 of the Bankruptcy Code.  Because the classification and treatment of claims is not changed in the Amended Plan, compliance with Sections 1122 and 1123 of the Bankruptcy Code is not affected.  At the Confirmation Hearing, the Court found that the Plan complied with those requirements, and for the same reasons, the Amended Plan remains compliant.

For the reasons set forth above, the modification reflected in the Amended Plan is consistent with the requirements of Section 1127.  Further, the Debtor believes that the modification is better for all parties.  Although the parties initially agreed to a liquidating trustee

---

[3] The only exception, other than Rabobank, is that the payment of any outstanding amounts to Class 1C now occurs 30 days after the Effective Date, rather than on a specified day of January 31, 2016. Especially given that the principal amounts of the Class 1C claims were already paid, as noted above, the Debtor does not believe this is a material change.

Case: 15-10150    Doc# 209    Filed: 02/22/16    Entered: 02/22/16 12:42:52    Page 7 of 8

as the remedy at the suggestion of the mediator, the saying that "the devil is in the details" proved true when the parties sought to finalize the form of liquidating trust agreement. Rabobank raised numerous concerns regarding the effect of transfer of assets to a liquidating trust on its rights and security interests. Addressing these issues would likely have been complicated and caused additional delay. It also was not clear that it would be possible to construct a liquidating trust agreement that only went into effect in the future as the result of a default in a way that would be compliant with the provisions of the tax code and regulations applicable to liquidating trusts. Finally it was not clear what the tax implications for unsecured creditors would be. In the unlikely event of a material default by the Debtor, sale of the assets by a Plan Administrator presents a simpler and more straightforward approach that is consistent with the intent of the parties in the mediated settlement.

The Amended Plan is the result of good faith efforts by the Debtor, Rabobank, and the Creditors Committee to address the concerns raised by Rabobank regarding a liquidating trust, which came to light only in the process of trying to finalize the documents. It is the understanding of counsel for the Debtor that approval of the modifications and confirmation of the Amended Plan are supported by the Rabobank and the Committee.

## VI. <u>CONCLUSION</u>

WHEREFORE, Deerfield respectfully requests that the Court enter an order approving the modification requested herein, and that the Court enter an order confirming the Amended Plan.

DATED: February 22, 2016                    MᴄNUTT LAW GROUP LLP


                                            By:    _/s/ Shane J. Moses_____
                                                   Shane J. Moses
                                                   Attorneys for DEBTOR

Case: 15-10150    Doc# 209    Filed: 02/22/16    Entered: 02/22/16 12:42:52    Page 8 of 8