COOPER, WHITE & COOPER LLP
Peter C. Califano (SBN 129043)
pcalifano@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

RAY QUINNEY & NEBEKER P.C.
Michael R. Johnson (UT Bar No. 7070)
mjohnson@rqn.com
*Pro Hac Vice* Application to be Submitted
36 South State Street, Suite 1400
Salt Lake City, UT 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543

Attorneys for RABO AGRIFINANCE LLC, as
Assignee of the Rights and Claims of
RABOBANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DEERFIELD RANCH WINERY, LLC,<br><br>    Reorganized Debtor. | CASE NO. 15-10150-AJ<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RABO'S EX PARTE MOTION TO REOPEN BANKRUPTCY CASE PURSUANT TO SECTION 350(b) OF THE BANKRUPTCY CODE**<br><br>[NO HEARING REQUESTED]<br><br>Judge: TBD |

  Pursuant to 11 U.S.C. § 350(b), Federal Rule of Bankruptcy Procedure 5010, and the Court's *Order Confirming Debtor's Amended Plan of Reorganization Dated February 22, 2016* [Dkt. 217] (the "**Confirmation Order**") which confirmed the Debtor's *Amended Plan of Reorganization, Dated February 12, 2016* (the "**Amended Plan**"), Rabo AgriFinance LLC ("**Rabo**"), as assignee of the rights and claims of Rabobank, N.A., a secured creditor of Deerfield

Ranch Winery, LLC, the Reorganized Chapter 11 Debtor (the "**Debtor**") in the above-entitled Chapter 11 case (the "**Case**") and the holder of the Allowed Class 1B Claim under the Amended Plan, through counsel, hereby moves ex parte for an order reopening the Case and represents as follows:

I.

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O).

2. The legal predicates for this Motion are 11 U.S.C. § 350, Federal Rule of Bankruptcy Procedure 5010, and relevant provisions of the Amended Plan and the Confirmation Order.

II.

## BACKGROUND

<u>Confirmation of the Amended Plan and Closure of the Case</u>.

3. The Amended Plan was filed on February 22, 2016. [Dkt. 208]

4. In conjunction with the filing of the Amended Plan, Rabo's predecessor and assignor Rabobank, N.A., filed with the Court that certain *Supplemental Plan Documents Under Amended Plan of Reorganization Dated February 22, 2016* (the "**Plan Supplement**"). [Dkt. 210]

5. The Plan Supplement included four exhibits. Exhibit 1 constituted the Plan Administrator Provisions (as defined in and that were made a part of the Amended Plan). Exhibits 2, 3 and 4 constituted a form of a Loan Restructuring Agreement, a form of an Amended and Restated Promissory Note and a form of a Second Amendment to Trust Deed with Assignment of Rents, Security Agreement and Fixture Filing, all three of which were collectively defined in the Plan Supplement as the "**New Credit Documents**."

6. The Confirmation Order was entered on the Court's docket on March 11, 2016. [Dkt. 217] No appeal was taken therefrom, and the Confirmation Order is final and non-appealable.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

7. The Confirmation Order confirmed the Amended Plan (and approved documents constituting the Plan Supplement), and a copy of the Amended Plan was attached as Exhibit "A" to the Confirmation Order.

8. On September 20, 2016, this Court entered its *Final Decree and Order Closing Case* and, pursuant thereto, closed the Case. [Dkt. 246]

<u>The Amended Plan's Treatment of Rabo's Claim, the Debtor's Material Default, and the Parties Settlement</u>

9. The Amended Plan classifies Rabo's allowed secured claim in Class 1B. Section 2.4.2 of the Amended Plan provides that Class 1B "shall consist of the Allowed Secured Claim of Rabobank, which shall be in the amount of $11,750,000, which amount shall be inclusive of all amounts to which Rabobank is entitled to under the Existing Credit Documents, including attorneys' fees, other fees, costs, and interest."

10. The treatment of Rabo's Class 1B claim is described in Section 3.2.2 of the Amended Plan. Among other provision, Section 3.2.2 provides that:

   a. Rabo shall receive the New Credit Documents;
   b. Rabo shall receive the New Note which shall be in the initial principal amount of $11,750,000;
   c. "The New Note shall have a five-year term, beginning January 1, 2016. The maturity date for the New Note shall be December 31, 2020 (the 'Maturity Date'); and
   d. The Debtor shall make monthly interest payments to Rabo and, in addition thereto, "the Debtor shall make the following payments of principal by the date indicated, which shall be applied to the principal balance of the New Note: $150,000 due on December 15, 2016; $200,000 due on December 15, 2017; $400,000 due on December 15, 2018; and $550,000 due on December 15, 2019; provided, however, that the Debtor will not be in default for failure timely to make one of these principal payments if that payment is received by the end of the month in which it is due."

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

11. Section 3.2.2.3 of the Amended Plan provides, in part, that "the following shall constitute a material event of default [under the Restructured Credit Documents]: (i) failure to make any required principal payment by the end of the month in which it is due . . . ."

12. Section 3.2.2.4 of the Amended Plan provides, in turn, that "[u]pon the occurrence of a material event of default under the Restructured Credit Documents, a Plan Administrator shall be appointed on the request of Rabobank, provided that the Plan Administrator shall be appointed only on: (i) the occurrence of one of the events of default specified in section 3.2.2.3 above, or (ii) the occurrence of a material event of default that the Restructured Credit Documents specifically provide will give rise to appointment of a Plan Administrator. In the event that Rabobank requests appointment of a Plan Administrator, the only question for determination by the Bankruptcy Court shall be whether such a material event of default has occurred. It shall be understood that this provision is an essential term of the Plan, and is material to Rabobank's consent to the Plan."

13. Subsection (b) of Section 3.2.2.4 of the Amended Plan addresses the procedure for reopening the Case in the event of a material default. It provides: "To the extent that the Case has been closed prior to any material default triggering the right to appointment of a Plan Administrator, the Case may be reopened on the request of Rabobank for the purpose of requesting appointment of a Plan Administrator pursuant to the provisions of this Section 3.2.2.4. On any such reopening of the Case for that purpose, all assets of the Reorganized Debtor, including (i) all Causes of Action; and (ii) all assets of the Reorganized Debtor acquired or arising after the Effective Date, will be deemed to be assets of the Estate as reopened."

14. The Debtor is in material default of its obligations under the Amended Plan and the Restructured Credit Documents. Specifically, the Debtor failed to make the $550,000 principal reduction payment that was due on or before December 15, 2019 (and in any case, no later than December 31, 2019), and the required principal reduction payment still has not been paid in full.

///
///
///
///

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

# III.

# ARGUMENT

## A. Rabo is Expressly Permitted to Reopen this Case

Section 350(b) of the Bankruptcy Code allows the reopening of a closed case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "[R]eopening a case is typically ministerial and 'presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee." *In re Lopez*, 283 B.R. 22, 26 (B.A.P. 9th Cir. 2002) (quoting *Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 916–17 (B.A.P. 9th Cir. 1999)). In addition, Bankruptcy Rule 5010 provides that "[a] case may be reopened on a motion of the debtor or other party in interest pursuant to Section 350(b) of the Code." Here, Rabo is a party in interest seeking to reopen the Case as agreed by the parties and authorized by the Court. That agreement is memorialized in the Amended Plan and approved by the Court's Confirmation Order. Rabo submits that cause exists to reopen the Case for the reasons set forth herein. Accordingly, Rabo requests that the Case be reopened.

## B. An Ex Parte Motion to Reopen is Appropriate

Although the reopening procedure prescribed by Rule 5010 requires a motion, it does not require that any notice be given. Nor does Section 350(b) contain the talismanic mention of "notice and hearing" that connotes the statutory need to permit a contested hearing. It follows that the motion to reopen can be considered as an ex parte motion and without an actual hearing. *Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 913 (9th Cir. BAP 1999) ("Ex parte resolution of the reopening motion is consistent with practice under the former Bankruptcy Act, under which the request to reopen was made by application that could be entertained ex parte and without notice."); *In re Abbott*, 183 B.R. 198, 200 (9th Cir. BAP 1995) ("A motion to reopen is simply a mechanical device which can be brought ex parte and without notice."); *California Practice Guide "Bankruptcy" The Rutter Group*, Section 23.190, pp. 23-25 to 23-26 (2019 Supp.). Ex parte relief is particularly appropriate here where the request to reopen is coming after a Chapter 11 plan has been confirmed and the Case has been closed, and the ministerial act of reopening is necessary so

that Rabo can the request a Plan Administrator as authorized by the confirmed Amended Plan.

**C. The Appointment of the Plan Administrator is not requested at this Time**

By the present motion, Rabo only seeks an order reopening the Case. Once the Case is reopened and a judicial officer is assigned to the Case, Rabo will file a second motion for the appointment of the Plan Administrator, upon the terms and conditions stated in the Amended Plan and as the Court requires.

## IV.

## CONCLUSION

WHEREFORE, based upon the foregoing, Rabo respectfully requests the following relief from the Court:

A. An Order reopening the Case under Section 350(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure Rule 5010; and

B. Grant such other and further relief as is just and proper.

Dated: November 13, 2020.    COOPER, WHITE & COOPER LLP

*/s/ Peter C. Califano*
Peter C. Califano

Counsel for Rabo AgriFinance LLC

1321856.2