COOPER, WHITE & COOPER LLP
Peter C. Califano (SBN 129043)
  pcalifano@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:   (415) 433-1900
Facsimile:   (415) 433-5530

RAY QUINNEY & NEBEKER P.C.
Michael R. Johnson (UT Bar No. 7070)
  mjohnson@rqn.com
*Pro Hac Vice* Application to be Submitted
36 South State Street, Suite 1400
Salt Lake City, UT 84111
Telephone:   (801) 532-1500
Facsimile:   (801) 532-7543

Attorneys for RABO AGRIFINANCE LLC, as
Assignee of the Rights and Claims of
RABOBANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DEERFIELD RANCH WINERY, LLC,<br><br>                Reorganized Debtor. | CASE NO. 15-10150-CN<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RABO'S MOTION TO APPOINT VITO MITRIA OF BEACON MANAGEMENT ADVISORS AS PLAN ADMINISTRATOR**<br><br>Date: December 18, 2020<br>Time: 11:00 a.m.<br>Place: Via Court Call or Zoom Videoconference<br>Judge: Honorable Charles Novack |

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 15-10150    Doc# 258    Filed: 11/25/20    Entered: 11/25/20 13:15:34    Page 1 of 14

# TABLE OF CONTENTS

Page

I. RELIEF REQUESTED AND JURISDICTION ........................................................................ 1

II. BACKGROUND ................................................................................................................... 1

   A. Confirmation of the Amended Plan, and Relevant Plan Provisions Related to Appointment of a Plan Administrator if there is a Material Event of Default, and the Event of Default that Currently Exists under the Amended Plan. ........................ 1

   B. Information Mr. Mitria and his Team at Beacon Management Advisors. .............................. 4

III. ARGUMENT ........................................................................................................................ 6

   A. The Amended Plan, Including its Provisions for a Plan Administrator in the Event of Default, is Binding on the Debtor, Rabo and all Other Parties in Interest in the Case. ........ 6

   B. The Court has Jurisdiction to Appoint a Plan Administrator and Grant Rabo Related Relief to Effectuate the Terms of the Amended Plan. .............................................................. 7

   C. There has been a Material Event of Default Under the Amended Plan and Under the New Credit Documents, Thus Triggering Rabo's Right to Seek a Plan Administrator. ..... 8

   D. The Court Should Accept Vito Mitria's Nomination as Plan Administrator. .......................... 9

IV. CONCLUSION .................................................................................................................... 10

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

i

Case: 15-10150   Doc# 258   Filed: 11/25/20   Entered: 11/25/20 13:15:34   Page 2 of 14

# TABLE OF AUTHORITIES

Page

**CASES**

*In re Nobel Group, Inc.*,
   529 B.R. 284 (Bankr. N.D. Cal. 2015) ................................................................. 7

*In re Resorts Intern., Inc.*,
   372 F.3d 154 (3rd Cir. 2004) ................................................................................. 7

*Trulis v. Barton*,
   107 F.3d 685 (9th Cir. 2017) ................................................................................. 6

**STATUTES**

11 U.S.C. § 1141 ............................................................................................................ 6

28 U.S.C. § 1334 ............................................................................................................ 1

28 U.S.C. § 157 .............................................................................................................. 1

Bankruptcy Code § 1141 ............................................................................................... 6

Bankruptcy Code § 350(b) ............................................................................................ 1

Rabo AgriFinance LLC ("**Rabo**"), as assignee of the rights and claims of Rabobank, N.A., a secured creditor of Deerfield Ranch Winery, LLC, the Reorganized Chapter 11 Debtor (the "**Debtor**") in the above-entitled Chapter 11 case (the "**Case**"), through counsel, respectfully files this Memorandum in Support of its *Rabo's Motion to Appoint Vito Mitria of Beacon Management Advisors as Plan Administrator* (the "**Motion**"), of even date.

## I.

## RELIEF REQUESTED AND JURISDICTION

1. In the Motion, Rabo requests the entry of an Order, in the form submitted with the Motion, appointing Vito Mitria of Beacon Capital Advisors ("**Mr. Mitria**") to serve in the role of the Plan Administrator in this Case.

2. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Further, the Court retained jurisdiction to hear and consider the Motion, and to appoint a Plan Administrator if necessary, in the Amended Plan and in the Confirmation Order, both of which are defined below.

3. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O).

4. On November 19, 2020, the Court entered its Order Granting Rabo's Ex Parte Motion to Reopen Case under Section 350(b) of the Bankruptcy Code. [Dkt. 254]

## II.

## BACKGROUND

A. <u>Confirmation of the Amended Plan, and Relevant Plan Provisions Related to Appointment of a Plan Administrator if there is a Material Event of Default, and the Event of Default that Currently Exists under the Amended Plan.</u>

1. The Debtor filed its *Amended Plan of Reorganization, Dated February 22, 2016* (the "**Amended Plan**") on February 22, 2016. [Dkt. 208]

2. In conjunction with the filing of the Amended Plan, Rabo's predecessor filed with the Court that certain *Supplemental Plan Documents Under Amended Plan of Reorganization Dated February 22, 2016* (the "**Plan Supplement**"). [Dkt. 210]

3. The Plan Supplement included four exhibits. Exhibit 1 of the Plan Supplement

consisted of a document entitled "Plan Administrator Provisions of Amended Plan of Reorganization Dated February 22, 2016," defined in the Amended Plan as the "**Plan Administrator Provisions**."

4. Exhibits 2, 3 and 4 of the Plan Supplement consisted of a form of a Loan Restructuring Agreement, a form of an Amended and Restated Promissory Note and a form of a Second Amendment to Trust Deed with Assignment of Rents, Security Agreement and Fixture Filing, all three of which were collectively defined in the Plan Supplement as the "**New Credit Documents**."

5. On March 11, 2016, the Court confirmed the Amended Plan through entry of its *Order Confirming Debtor's Amended Plan of Reorganization Dated February 22, 2016* [Dkt. 217] (the "**Confirmation Order**").

6. On April 27, 2016, the New Credit Documents became effective and fully enforceable, and notice of that fact was provided to the Court and parties-in-interest under that certain *Notice Regarding Effectiveness of Loan Restructuring Agreement* filed with the Court on that date. [Dkt. 227]

7. The Amended Plan classifies Rabo's allowed secured claim in Class 1B. Section 2.4.2 of the Amended Plan provides that Class 1B "shall consist of the Allowed Secured Claim of Rabobank, which shall be in the amount of $11,750,000, which amount shall be inclusive of all amounts to which Rabobank is entitled to under the Existing Credit Documents, including attorneys' fees, other fees, costs, and interest."

8. The treatment of Rabo's Class 1B claim is described in Section 3.2.2 of the Amended Plan. Among other provision, Section 3.2.2 provides that:

    a. Rabo shall receive the New Credit Documents;

    b. Rabo shall receive the New Note which shall be in the initial principal amount of $11,750,000;

    c. "The New Note shall have a five-year term, beginning January 1, 2016. The maturity date for the New Note shall be December 31, 2020 (the 'Maturity Date'); and

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

d.  The Debtor shall make monthly interest payments to Rabo and, in addition thereto, "the Debtor shall make the following payments of principal by the date indicated, which shall be applied to the principal balance of the New Note: $150,000 due on December 15, 2016; $200,000 due on December 15, 2017; $400,000 due on December 15, 2018; and $550,000 due on December 15, 2019; provided, however, that the Debtor will not be in default for failure timely to make one of these principal payments if that payment is received by the end of the month in which it is due."

9.  Section 3.2.2.3 of the Amended Plan provides, in part, that "the following shall constitute a material event of default [under the Restructured Credit Documents]: (i) failure to make any required principal payment by the end of the month in which it is due . . ."

10.  Section 3.2.2.4 of the Amended Plan provides, in turn, that "[u]pon the occurrence of a material event of default under the Restructured Credit Documents, a Plan Administrator shall be appointed on the request of Rabobank, provided that the Plan Administrator shall be appointed only on: (i) the occurrence of one of the events of default specified in section 3.2.2.3 above, or (ii) the occurrence of a material event of default that the Restructured Credit Documents specifically provide will give rise to appointment of a Plan Administrator. In the event that Rabobank requests appointment of a Plan Administrator, the only question for determination by the Bankruptcy Court shall be whether such a material event of default has occurred. It shall be understood that this provision is an essential term of the Plan, and is material to Rabobank's consent to the Plan."

11.  The Debtor is in material default of its obligations under the Amended Plan and the Restructured Credit Documents. Specifically, the Debtor failed to make the $550,000 principal reduction payment that was due by no later than December 31, 2019. While the Debtor has made two small principal reduction payments in 2020, the total of those two principal reduction payments is only $235,000 ($85,000 paid on or about September 30, 2020, and $150,000 paid on or about October 31, 2020), which is $315,000 less than amount that was required to be paid by the end of December, 2019.

12.  The current unpaid principal balance owed to Rabo is $10,764,999.99. As of

November 5, 2020, the Debtor also owes accrued and unpaid interest in the amount of $80,293.22, plus attorneys' fees and costs, appraisal fees and default interest.

13. Further, as noted in the Amended Plan and in the Restructured Credit Documents, the Debtor's obligations to Rabo mature and become due and payable in full on December 31, 2020. As noted above, the current unpaid balance of the Obligations owed by the Debtor currently exceeds $10,800,000.00.

14. Rabo has filed the Motion pursuant to the terms of the Amended Plan.

15. In the Motion, Rabo has nominated Vito Mitria of Beacon Capital as the Plan Administrator. This nomination is made pursuant to paragraph 11 of the Plan Administrator Provisions [Dkt. 210-1], which provides: "In any motion by Rabobank for the Plan Administrator Order, Rabobank shall nominate the Plan Administrator . . ."

B. <u>Information Mr. Mitria and his Team at Beacon Management Advisors</u>.

1. Mr. Mitria has reviewed and is familiar with the following pleadings and documents that were created in conjunction with or in consummation of the Amended Plan:

    a. The Amended Plan;

    b. The Confirmation Order; and

    c. The Plan Supplement, which includes the Plan Administrator Provisions and the New Credit Documents.

2. Mr. Mitria understands that, if he is appointed as Plan Administrator in the Case, his rights, powers, duties and obligations to the Court, to Rabo, to the Debtor, and to other parties-in-interest will be governed by the terms of the Amended Plan, the Confirmation Order, the Plan Supplement, the Plan Administrator Provisions and any Order issued by the Court granting Rabo's Motion. He is ready, willing and able to serve as Plan Administrator on such terms.

3. Mr. Mitria is well-qualified to serve as Plan Administrator in this Case. He is the founder of Beacon Management Advisors, LLC. He has served as either a fiduciary or a professional engaged by a fiduciary in numerous federal and state proceedings.

4. Furthermore, the team at Beacon Management Advisors that would assist Mr. Mitria in providing services in this Case includes the following persons: (a) Mike Ng, who was

recently the Director of Scheduling and a Range Manager for a flower grower in Half Moon Bay and who would be on site, as needed, to oversee day-to-day operations, (b) Ken Frederickson, who is a wine and spirts professional and Master Sommelier and who was the founder of Tenzin Wine & Spirits, which is an artisanal importer and wholesaler, and (c) Ted Diamantis, who is the founder of Diamond Wine Imports, an importer and distributor of Green wines in the United States.

5. Mr. Mitria and his team at Beacon Management Advisors are already working on several assignments in Northern California, not too far from the Debtor's place of business.

6. Neither Mr. Mitria nor any employee or representative of Beacon Management Advisors has ever been disciplined, reprimanded or sanctioned by any court or administrative agency in connection with the performance of any professional services.

7. Neither Mr. Mitria nor any employee or representative of Beacon Management Advisors has an ownership interest in or right to acquire an ownership interest in the Debtor, Rabo or any of the creditors or equity holders of the Debtor.

8. Neither Mr. Mitria nor any employee or representative of Beacon Management Advisors is an affiliate or insider of the Debtor, Rabo or any of the creditors or equity holders of the Debtor.

9. Neither Mr. Mitria nor any employee or representative of Beacon Management Advisors has any familial or fiduciary relationships with the Debtor, Rabo, any employees of the Court, any employees of the Office of the United States Trustee, or any of the creditors or equity holders of the Debtor.

10. Neither Mr. Mitria nor any employee or representative of Beacon Management Advisors holds any civil or military office or employment under the United States.

11. Other than payment for services rendered and reimbursement for costs advanced as Plan Administrator, neither Mr. Mitria nor any other employee or representative of Beacon Management Advisors has any expectation or agreement with the Debtor, Rabo, or any other creditor, equity holder or party-in-interest to receive any compensation or remuneration for providing services in this Case.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 15-10150    Doc# 258    Filed: 11/25/20    Entered: 11/25/20 13:15:34    Page 8 of 14

12. Further, Mr. Mitria's retention of other professionals, if any, and compensation to himself, his company or any Retained Professionals, shall be pursuant to and in compliance with the requirements of Article 13 of the Plan Administrator Provisions.

13. Mr. Mitria and all other employees and representatives of Beacon Management Advisors are disinterested, and do not hold or represent any interest that is adverse to the Debtor or the estate.

14. If Mr. Mitria is appointed as Plan Administrator, he has pledged to manage and operate any property or assets which come into his possession or under his control in the same manner as a Chapter 11 trustee would be expected to manage and operate such property.

15. Further, if Mr. Mitria is appointed as Plan Administrator, he has pledged to faithfully exercise the rights and powers, and perform the duties and obligations, of the Plan Administrator as more fully set forth in the Amended Plan, the Confirmation Order, the Plan Supplement, the Plan Administrator Provisions and any additional Orders issued by the Court.

## III.

## ARGUMENT

### A. The Amended Plan, Including its Provisions for a Plan Administrator in the Event of Default, is Binding on the Debtor, Rabo and all Other Parties in Interest in the Case.

The Confirmation Order confirmed the Amended Plan. The Confirmation Order was not appealed, and thereafter the Amended Plan became effective. Pursuant to Section 1141(a) of the Bankruptcy Code, the Amended Plan and all documents executed and delivered in furtherance thereof, including the Plan Supplement and the New Credit Documents, is binding on the Debtor, Rabo, and all creditors, equity holders and other parties-in-interest in this case. *See* 11 U.S.C. § 1141(a); *Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 2017) ("Once a bankruptcy plan is confirmed, it is binding on all parties and all questions that could have been raised pertaining to the plan are entitled to *res judicata* effect."). That includes all of the provisions of the Amended Plan and associated plan documents related to the circumstances under which a Plan Administrator will be appointed, and the criteria for the Court to apply in making that determination.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

### B. The Court has Jurisdiction to Appoint a Plan Administrator and Grant Rabo Related Relief to Effectuate the Terms of the Amended Plan.

Paragraph 7 of the Confirmation Order expressly provides that, "notwithstanding the entry of this order or the occurrence of the Effective Date, this Court shall retain jurisdiction as provided in the Amended Plan over all matters arising out of, or related to, the Case and the Plan to the fullest extent permitted by applicable law, including, without limitation, jurisdiction over those matters set forth in Section 3.2.2.4 and Article 9 of the Plan."

Section 3.2.2.4 of the Amended Plan provides: "Upon the occurrence of a material event of default under the Restructured Credit Documents, a Plan Administrator shall be appointed on the request of Rabobank, provided that the Plan Administrator shall be appointed only on: (i) the occurrence of one of the events of default specified in section 3.2.2.3 above, or (ii) the occurrence of a material event of default that the Restructured Credit Documents specifically provide will give rise to appointment of a Plan Administrator. In the event that Rabobank requests appointment of a Plan Administrator, the only question for determination by the Bankruptcy Court shall be whether such a material event of default has occurred. It shall be understood that this provision is an essential term of the Plan, and is material to Rabobank's consent to the Plan."

Further, Article 9 of the Amended Plan provides, in part, that this Court "shall retain and have jurisdiction over the Case for all purposes provided by the Bankruptcy Code," including to "implement the provisions of the Plan."

Based upon the foregoing, there is no question that the Court retained jurisdiction in the Amended Plan and in the Confirmation Order to hear and determine Rabo's Motion and, if appropriate, to appoint Mr. Mitria as the Plan Administrator as Rabo has requested. "Retention of jurisdiction provisions [in a confirmed plan or confirmation order] will be given effect, assuming there is bankruptcy court jurisdiction." *In re Resorts Intern., Inc.*, 372 F.3d 154, 161 (3rd Cir. 2004). While subject matter jurisdiction is more limited after a Chapter 11 plan is confirmed, a bankruptcy court clearly has post-confirmation jurisdiction to deal with "matters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan." *In re Nobel Group, Inc.*, 529 B.R. 284, 290 (Bankr. N.D. Cal. 2015).

**C. There has been a Material Event of Default Under the Amended Plan and Under the New Credit Documents, Thus Triggering Rabo's Right to Seek a Plan Administrator.**

Section 3.2.2.4 of the Amended Plan provides that "[u]pon the occurrence of a material event of default under the Restructured Credit Documents, a Plan Administrator shall be appointed on the request of Rabobank, provided that the Plan Administrator shall be appointed only on: (i) the occurrence of one of the events of default specified in section 3.2.2.3 above, or (ii) the occurrence of a material event of default that the Restructured Credit Documents specifically provide will give rise to appointment of a Plan Administrator. In the event that Rabobank requests appointment of a Plan Administrator, the only question for determination by the Bankruptcy Court shall be whether such a material event of default has occurred. It shall be understood that this provision is an essential term of the Plan, and is material to Rabobank's consent to the Plan."

Section 3.2.2 of the Amended Plan required the Debtor to make a $550,000.00 principal reduction payment on its debt to Rabo by no later than December 31, 2020. The New Credit Documents contain this same payment requirement. Specifically, Section 4.3.1 Loan Restructuring and Amended and Restated Credit Agreement ("**Credit Agreement**") provides that "[o]n each payment date set forth on Schedule 4.3.1, the Borrower shall pay to the Lender, in full, the respective principal amount of the Restructured Loan set forth thereon; provided, however, that no such payment will be considered late if the same is paid by the end of the last day of the month in which it is payable." [Dkt. 210-2, pg. 46 of 101] Schedule 4.3.1, entitled "Mandatory Principal Payments," shows a required $550,000.00 principal reduction payment due on December 15, 2019. [*Id.*, pg. 93 of 101]

Both the Amended Plan and the New Credit Documents also make clear that the failure to pay the $550,000.00 principal reduction payment by December 31, 2019 constituted a material event of default. Section 3.2.2.3 of the Amended Plan provides, in part, that "the following shall constitute a material event of default [under the Restructured Credit Documents]: (i) failure to make any required principal payment by the end of the month in which it is due . . ." Further, Section 13.1 of the Credit Agreement provides that it is a material Event of Default if the Debtor fails to pay "any amount of principal of the Restructured Loan; provided, however, that it will not

be an Event of Default with respect to any payment of principal of the Restructured Loan that is required pursuant to Sections 4.3.1 or 4.3.2 above, and that payment will not be considered late, if that principal is not paid on or before the payment date with respect thereto but the same is paid on or before the last calendar day of the calendar month in which that payment date occurs." [Credit Agreement, Dkt. 210-2, pg. 77 of 101]

As set forth in the Declaration of Matt Owings, the required $550,000.00 principal reduction payment was not paid by December 31, 2019, and that failure caused a material Event of Default under the Amended Plan and under the New Credit Documents. That material Event of Default continues to this day, as the required $550,000 principal reduction payment has not been made. While the Debtor has made two small principal reduction payments in 2020, the total of those two principal reduction payments is only $235,000 ($85,000 paid on or about September 30, 2020, and $150,000 paid on or about October 31, 2020), which is $315,000 less than amount that was required to be paid by the end of December, 2019. As such, Rabo is entitled to seek the immediate appointment of a Plan Administrator. [*See* Credit Agreement, § 13.2.2, Dkt. 210-2, pg. 79 of 101 (providing that if an Event of Default occurs, Lender may "[m]ake the Plan Administrator Motion")] Further, because the Debtor's failure to make the required $550,000.00 is defined as a material Event of Default in both the Amended Plan and in the New Credit Documents, the Court should grant the Motion and direct the immediate appointment of a Plan Administrator.

### D. The Court Should Accept Vito Mitria's Nomination as Plan Administrator.

Paragraph 11 of the Plan Administrator Provisions [Dkt. 210-1] provides, in relevant part: "In any motion by Rabobank for the Plan Administrator Order, Rabobank shall nominate the Plan Administrator . . . ." Pursuant to this provision, Rabo has nominated Mr. Mitria to serve as Plan Administrator.

Rabo asks the Court to accept Rabo's nomination, and to appoint Mr. Mitria forthwith to serve as Plan Administrator with all of the rights and powers, and subject to all the duties and obligations, as are contained in the Amended Plan, the Confirmation Order, and the Plan Supplement, including the detailed provisions of the Plan Administrator Provisions.

The only guidance contained in the foregoing documents about the Plan Administrator's qualifications is that the Plan Administrator be "suitable." [*See, e.g.,* Plan Administrator Provisions ¶ 11 (noting that, after Rabo nominates a Plan Administrator, the Debtor may object :to the suitability of Rabobank's nominee for Plan Administrator and, in conjunction therewith, propose an alternative nominee for Plan Administrator" and further clarifying that "the appointment of any nominee for Plan Administrator is subject to approval by the Bankruptcy Court")] Mr. Mitria is certainly "suitable" to serve as Plan Administrator in this Case. In fact, he is eminently qualified to do so. As his Declaration makes clear, he has previously served as either a fiduciary or a professional engaged by a fiduciary in numerous federal and state proceedings, he has a skilled and knowledgeable team to assist him with his work, he has pledged to manage and operate any property or assets which come into his possession or under his control in the same manner as a Chapter 11 trustee would be expected to manage and operate such property, and he has pledged to faithfully exercise the rights and powers, and perform the duties and obligations, of the Plan Administrator as more fully set forth in the Amended Plan, the Confirmation Order, the Plan Supplement, the Plan Administrator Provisions and any additional Orders issued by the Court.

## IV.

## CONCLUSION

WHEREFORE, based upon the foregoing, Rabo respectfully requests the following relief from the Court:

    A.    That the Court grant Rabo's Motion in its entirety;

    B.    That the Court find a material Event of Default exists under the Amended Plan and the New Credit Documents, triggering Rabo's automatic right to the appointment of a Plan Administrator;

    C.    That the Court accept Rabo's nomination of Vito Mitria of Beacon Management Advisors to serve as Plan Administrator in this Case;

    D.    That the Court appoint Vito Mitria of Beacon Management Advisors to serve as Plan Administrator in this Case, and direct Mr. Mitria to exercise the rights and powers, and

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

10

Case: 15-10150    Doc# 258    Filed: 11/25/20    Entered: 11/25/20 13:15:34    Page 13 of 14

perform the duties and obligations, of the Plan Administrator as more fully set forth in the Amended Plan, the Confirmation Order, the Plan Supplement, the Plan Administrator Provisions and any additional Orders issued by the Court; and

  E. That the Court grant Rabo such other and further relief as is just and proper.

DATED: November 24, 2020  COOPER, WHITE & COOPER LLP

By: ___***s/s Peter C. Califano***___
Peter C. Califano
Attorneys for Attorneys for RABO AGRIFINANCE LLC, as Assignee of the Rights and Claims of RABOBANK, N.A.

1338275.1

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002