COOPER, WHITE & COOPER LLP
Peter C. Califano (SBN 129043)
pcalifano@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:   (415) 433-1900
Facsimile:    (415) 433-5530

RAY QUINNEY & NEBEKER P.C.
Michael R. Johnson (UT Bar No. 7070)
mjohnson@rqn.com
*Pro Hac Vice* Application to Be Submitted
36 South State Street, Suite 1400
Salt Lake City, UT 84111
Telephone:   (801) 532-1500
Facsimile:    (801) 532-7543

Attorneys for RABO AGRIFINANCE LLC, as
Assignee of the Rights and Claims of
RABOBANK, N.A.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DEERFIELD RANCH WINERY, LLC,<br><br>                  Reorganized Debtor. | CASE NO. 15-10150-CN<br><br>Chapter 11<br><br>**DECLARATION OF MATT OWINGS IN SUPPORT OF RABO'S MOTION TO APPOINT VITO MITRIA OF BEACON MANAGEMENT ADVISORS AS PLAN ADMINISTRATOR**<br><br>Date: December 18, 2020<br>Time: 11:00 a.m.<br>Place: Via Court Call or Zoom Videoconference<br>Judge: Honorable Charles Novack |

Matt Owings declares:

    1.    I am a Vice President and Local Financial Restructuring Manager for Rabo AgriFinance LLC ("**Rabo**"), which is the assignee of the rights and claims of Rabobank, N.A., a

secured creditor of Deerfield Ranch Winery, LLC, the Reorganized Chapter 11 Debtor (the "**Debtor**") in the above-entitled Chapter 11 case (the "**Case**").

2. Rabo acquired the rights and claims of Rabobank, N.A. against the Debtor in 2019, when Rabo acquired Rabobank, N.A.'s entire food and agriculture loan portfolio, including the loans at issue in this Case. If and to the extent required, documents evidencing the acquisition of these assets by Rabo can be provided to the Court and parties in interest.

3. I make this Declaration in support of Rabo's *Motion to Appoint Vito Mitria of Beacon Management Advisors as Plan Administrator* (the "**Motion**"), which Motion has been filed in the Case and noticed out to creditors and parties-in-interest.

4. I am authorized to make this Declaration on behalf of Rabo. Further, except as specifically noted below, I have knowledge of all facts set forth in this Declaration, either because those facts are personally known to me, or because they are based upon my review of the pleadings and orders of record in the Case, or because they are based upon my review of Rabo's business and accounting records concerning Rabo's loan to the Debtor. Those business and accounting records are created and maintained by Rabo in the ordinary course of its business, and I am currently the Rabo business person in charge of and the custodian of those records.

5. The Debtor filed its *Amended Plan of Reorganization, Dated February 22, 2016* (the "**Amended Plan**") on February 22, 2016. [Dkt. 208]

6. In conjunction with the filing of the Amended Plan, Rabo's predecessor filed with the Court that certain *Supplemental Plan Documents Under Amended Plan of Reorganization Dated February 22, 2016* (the "**Plan Supplement**"). [Dkt. 210]

7. The Plan Supplement included four exhibits. Exhibit 1 constitutes the "Plan Administrator Provisions" (as defined in and that were made a part of the Amended Plan). Exhibits 2, 3 and 4 consist of a form of a Loan Restructuring Agreement, a form of an Amended and Restated Promissory Note and a form of a Second Amendment to Trust Deed with Assignment of Rents, Security Agreement and Fixture Filing, all three of which were collectively defined in the Plan Supplement as the "**New Credit Documents**").

///

8. On March 11, 2016, the Court confirmed the Amended Plan through entry of its *Order Confirming Debtor's Amended Plan of Reorganization Dated February 22, 2016* [Dkt. 217] (the "**Confirmation Order**").

9. On April 27, 2016, the New Credit Documents became effective and fully enforceable, and notice of that fact was provided to the Court and parties-in-interest under that certain *Notice Regarding Effectiveness of Loan Restructuring Agreement* filed with the Court on that date. [Dkt. 227]

10. The Amended Plan classifies Rabo's allowed secured claim in Class 1B. Section 2.4.2 of the Amended Plan provides that Class 1B "shall consist of the Allowed Secured Claim of Rabobank, which shall be in the amount of $11,750,000, which amount shall be inclusive of all amounts to which Rabobank is entitled to under the Existing Credit Documents, including attorneys' fees, other fees, costs, and interest."

11. The treatment of Rabo's Class 1B claim is described in Section 3.2.2 of the Amended Plan. Among other provision, Section 3.2.2 provides that:

    a. Rabo shall receive the New Credit Documents;

    b. Rabo shall receive the New Note which shall be in the initial principal amount of $11,750,000;

    c. "The New Note shall have a five-year term, beginning January 1, 2016. The maturity date for the New Note shall be December 31, 2020 (the 'Maturity Date'); and

    d. The Debtor shall make monthly interest payments to Rabo and, in addition thereto, "the Debtor shall make the following payments of principal by the date indicated, which shall be applied to the principal balance of the New Note: $150,000 due on December 15, 2016; $200,000 due on December 15, 2017; $400,000 due on December 15, 2018; and $550,000 due on December 15, 2019; provided, however, that the Debtor will not be in default for failure timely to make one of these principal payments if that payment is received by the end of the month in which it is due."

12. Section 3.2.2.3 of the Amended Plan provides, in part, that "the following shall constitute a material event of default [under the Restructured Credit Documents]: (i) failure to

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

make any required principal payment by the end of the month in which it is due . . ."

13. Section 3.2.2.4 of the Amended Plan provides, in turn, that "[u]pon the occurrence of a material event of default under the Restructured Credit Documents, a Plan Administrator shall be appointed on the request of Rabobank, provided that the Plan Administrator shall be appointed only on: (i) the occurrence of one of the events of default specified in section 3.2.2.3 above, or (ii) the occurrence of a material event of default that the Restructured Credit Documents specifically provide will give rise to appointment of a Plan Administrator. In the event that Rabobank requests appointment of a Plan Administrator, the only question for determination by the Bankruptcy Court shall be whether such a material event of default has occurred. It shall be understood that this provision is an essential term of the Plan, and is material to Rabobank's consent to the Plan."

14. The Debtor is in material default of its obligations under the Amended Plan and the Restructured Credit Documents. Specifically, the Debtor failed to make the $550,000.00 principal reduction payment that was due by no later than December 31, 2019. While the Debtor has made two small principal reduction payments in 2020, the total of those two principal reduction payments is only $235,000.00 ($85,000.00 paid on or about September 30, 2020, and $150,000.00 paid on or about October 31, 2020), which is $315,000.00 less than amount that was required to be paid by the end of December, 2019.

15. The current unpaid principal balance owed to Rabo is $10,764,999.99. As of November 5, 2020, the Debtor also owes accrued and unpaid interest in the amount of $80,293.22, plus attorneys' fees and costs, appraisal fees and default interest. Thus, Debtor currently owes Rabo well in excess of $10,800,000.00.

16. In the Motion, and based on the Debtor's material default, Rabo has sought the immediate appointment of Plan Administrator. Further, Rabo has nominated Vito Mitria of Beacon Management Advisors ("**Mr. Mitria**") as the Plan Administrator. This nomination is consistent with paragraph 11 of the Plan Administrator Provisions [Dkt. 210-1], which expressly provides: "In any motion by Rabobank for the Plan Administrator Order, Rabobank shall nominate the Plan Administrator . . ."

///

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

17. Rabo believes that Mr. Mitria has the requisite training, knowledge and experience to serve as Plan Administrator in this Case, and is otherwise a suitable candidate for the role of Plan Administrator. As set forth more fully in Mr. Mitria's Declaration, Mr. Mitria and his team are already working on several assignments in Northern California, not too far from the Debtor's place of business. Further, Mr. Mitria's team of professionals would include Ken Frederickson, who is a wine and spirits professional and Master Sommerlier, and Ted Diamantis, who is the founder of Diamond Wine Importers, which is an importer and distributor of Greek wines in the United States.

I declare under penalty of perjury that the foregoing is true and correct, and this Declaration was executed on November 24, 2020 at Lee's Summit, Missouri.

_____
Matthew Owings

1546240v2

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002