COOPER, WHITE & COOPER LLP
PETER C. CALIFANO (SBN 129043)
  pcalifano@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:    415.433.1900
Facsimile:    415.433.5530

RAY QUINNEY & NEBEKER P.C.
Michael R. Johnson (UT Bar No. 7070)
  mjohnson@rqn.com
*Admitted Pro Hac Vice*
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: 801.532.1500
Facsimile: 801.532.7543

Attorneys for Attorneys for RABO
AGRIFINANCE LLC, as Assignee of the Rights
and Claims of RABOBANK, N.A.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DEERFIELD RANCH WINERY, LLC,<br><br>Reorganized Debtor. | CASE NO. 15-10150-CN<br><br>Chapter 11<br><br>**STIPULATION AND JOINT *EX PARTE* MOTION OF RABO AND DEERFIELD TO RE-CLOSE CASE, AND FOR OTHER RELATED RELIEF**<br><br>**Hearing Date: February 3, 2021**<br>**Hearing Time: 11:00 a.m.**<br>**Place: ZoomVideoconference**<br>**Judge: Honorable Charles Novack** |

Pursuant to 11 U.S.C. § 350, Federal Rule of Bankruptcy Procedure 5010 and the terms of the Court's *Order Confirming Debtor's Amended Plan of Reorganization Dated February 22, 2016* [Dkt. 217] (the "Confirmation Order") which confirmed the Debtor's *Amended Plan of Reorganization, Dated February 12, 2016* (the "Amended Plan"), Reorganized Debtor Deerfield Ranch Winery, LLC ("Deerfield") by its attorneys, John D. Fiero of Pachulski, Stang, Ziehl &

Jones, on the one hand, and Rabo AgriFinance LLC, as assignee of the rights and claims of Rabobank, N.A. ("Rabo"), a secured creditor of Deerfield, by its attorneys, Michael R Johnson of Ray Quinney & Nebeker P.C., on the other hand, hereby stipulate and jointly move the Court *ex parte* for the entry of an Order, in the form submitted herewith, re-closing this case without prejudice to Rabo seeking a further re-opening of the case, also upon *ex parte* application, in the event it becomes necessary to seek such relief at a later date.

In support hereof, Deerfield and Rabo represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O).

2. The legal predicates for this Motion are 11 U.S.C. § 350, Federal Rule of Bankruptcy Procedure 5010, and relevant provisions of the Amended Plan and the Confirmation Order.

3. This Stipulation and Joint Motion seeks the entry of an Order re-closing this case. "[T]he entry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act which was never designed to determine with finality the substantive rights of parties of interest involved in a Chapter 11 case. This should be evident from the fact that the final decree is entered without notice and hearing to anyone and could be entered even on the Court's own motion." *In re Greater Jacksonville Transp. Co.*, 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994).

4. Because closing of a case is a ministerial act, because the claims of all creditors under the Amended Plan other than Rabo already have been satisfied, and because the only parties who have a current interest in this case (Deerfield, Rabo and the United States Trustee) are already before the Court, the Court can approve this Stipulation and Joint Motion without further notice or hearing.

## GENERAL BACKGROUND

5. The Confirmation Order was entered on the Court's docket on March 11, 2016.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

Case: 15-10150    Doc# 280    Filed: 02/01/21    Entered: 02/01/21 15:44:21    Page 2 of 6

2

[Dkt. 217] No appeal was taken therefrom, and the Confirmation Order is final and non-appealable.

6. The Confirmation Order confirmed the Amended Plan.

7. On September 20, 2016, this Court entered its *Final Decree and Order Closing Case* and, pursuant thereto, closed this case. [Dkt. 246]

8. With respect to the treatment of Rabo's allowed secured claim under Class 1B of the Amended Plan, the Amended Plan provides that in the event there is a material post-confirmation event of default, Rabo shall have the right to file motion asking the Court to appoint a Plan Administrator with all of the rights and obligations established by the Amended Plan (the "Plan Administrator Motion").

9. Subsection (b) of Section 3.2.2.4 of the Amended Plan, in turn, addresses the procedure for reopening the case in the event the case has been closed and a Plan Administrator Motion must be filed. It provides: "To the extent that the Case has been closed prior to any material default triggering the right to appointment of a Plan Administrator, the Case may be reopened on the request of Rabobank for the purpose of requesting appointment of a Plan Administrator pursuant to the provisions of this Section 3.2.2.4."

10. On November 13, 2020, and pursuant to the terms of the Amended Plan, Rabo filed its *Motion to Reopen Bankruptcy Case Pursuant to Section 350(b) of the Bankruptcy Code* (the "Motion to Reopen") and, therein, requested the entry of an order reopening this case so that it could file the Plan Administrator Motion.

11. This Court granted the Motion to Reopen on November 19, 2020. [Dkt. 254] As of the date of the Court's order on November 19, 2020, Rabo was the only creditor treated by the Amended Plan whose claim had not been satisfied in accordance with the terms of the plan.

12. On November 25, 2020, Rabo filed its Plan Administrator Motion. [Dkt. 256]

13. Since that date, the hearing on the Plan Administrator Motion has been continued several times as Rabo and Deerfield have discussed a consensual resolution of the Plan Administrator Motion and the satisfaction of Rabo's allowed secured Class 1B claim.

14. Rabo and Deerfield have now come to a consensual agreement which will

hopefully avoid the need for further intervention or oversight of the Court, or the need for a Plan Administrator. Further, as the claims of all plan creditors other than Rabo were paid long ago, Court oversight is not necessary to protect the interests of other creditors and parties in interest.

15. Accordingly, it makes sense for the Court to enter an order at this time re-closing this case. Further, because all plan creditors other than Rabo have already had their claims satisfied, and because the Amended Plan limits post-confirmation notice to Deerfield, Rabo and the Office of the United States Trustee, the Court should re-close the case without further notice or opportunity to be heard.

16. The agreement between Rabo and Deerfield, however, does not provide for the immediate satisfaction of Rabo's allowed secured claim. Rather, satisfaction is scheduled to occur in the future. In the event Rabo's allowed secured claim is not satisfied pursuant to the parties' agreement, Rabo will seek a further order reopening the case, again on an *ex parte* basis, so that Rabo may immediately re-file and prosecute its Plan Administrator Motion.

**REQUESTED RELIEF**

Based upon the foregoing, pursuant to 11 U.S.C. § 350, Federal Rule of Procedure 5010 and the terms of the Amended Plan, Deerfield and Rabo stipulate and jointly move the Court for the entry of an Order providing them the following relief:

1. An Order directing that this case be re-closed without further notice to creditors and parties-in-interest, subject to Rabo's absolute right under 11 U.S.C. § 510 and the Amended Plan to seek a further order re-opening the case, on an *ex parte* basis, in the event it becomes necessary;

2. An order finding that the current Plan Administrator Motion is withdrawn, subject to Rabo's absolute right under the Amended Plan to file a new Plan Administrator Motion at a later date in the event it becomes necessary or appropriate to do so; and

3. An Order granting Deerfield and Rabo such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: February 1, 2021 | Michael R. Johnson, Esq<br>RAY QUINNEY & NEBEKER P.C.<br><br>    *s/s Michael R. Johnson* |
| Dated: February 1, 2021 | John D. Fiero, Esq.<br>PACHULSKI, STANG, ZIEHL & JONES<br><br>    *s/s John D. Fiero* |

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1 COURT SERVICE LIST

3 Parties served by ECF.

12 1497961.1